**UNITED STATES, Appellant,**

v.

**Ransom K. GOODE, Private First Class, U.S. Army, Appellee.**

**No. 28,956.**

U. S. Court of Military Appeals.

April 4, 1975.

*Captain Robert L. Powell* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen* and *Captain Joel M. Martel.*

*Captain Sammy S. Knight* argued the cause for Appellee, Accused. With him on the brief was *Colonel Victor A. DeFiori.*

### OPINION OF THE COURT

FERGUSON, Senior Judge:

Tried by a general court-martial convened at Fort Monmouth, New Jersey, the accused, pursuant to a pretrial agreement, pleaded guilty to charges of conspiracy, lar-ceny, sale of Government property, and possession, use, and transfer of a narcotic drug. He was duly convicted on his pleas and sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for 18 months. The convening authority approved the sentence, and the United States Army Court of Military Review, reassessing, approved only so much of the penalty as provided for confinement at hard labor for 9 months and forfeiture of $200 per month for 9 months. The Judge Advocate General of the Army has certified that decision here on the following questions:

1. WAS THE COURT OF MILITARY REVIEW CORRECT IN DETERMINING THAT THE APPELLEE WAS NOT GIVEN AN OPPORTUNITY TO PRESENT MATTERS IN HIS OWN BEHALF CONCERNING AN APPARENT BREACH BY THE APPELLEE OF THE TERMS OF HIS PRETRIAL AGREEMENT?

2. WAS THE COURT OF MILITARY REVIEW CORRECT IN REVERSING FOR PUTATIVE "ERROR" WITHOUT A SPECIFIC FINDING OF PREJUDICE WITHIN THE MEANING OF ARTICLE 59(A), [10 U.S.C.A. § 859(a)] UNIFORM CODE OF MILITARY JUSTICE?

3. ASSUMING THE COURT OF MILITARY REVIEW, *sub silentio*, FOUND PREJUDICE FOR FAILURE TO GIVE APPELLEE AN OPPORTUNITY TO BE HEARD CONCERNING AN APPARENT BREACH BY THE APPELLEE OF THE TERMS OF HIS PRETRIAL AGREEMENT, WAS SUCH A FINDING CORRECT IN THE ABSENCE OF ANY SHOWING THAT THE APPELLEE HAD FAVORABLE MATTERS TO PRESENT?

The issues arise from the following circumstances. The accused's pretrial agreement provided that, in return for his pleas of guilty, the convening authority would approve no sentence in excess of dishonorable discharge, total forfeitures, and confinement at hard labor for 9 months, and that he would suspend any punitive discharge

adjudged. The agreement further provided:

It is expressly agreed by the accused that he will not commit any act of misconduct between the date of trial and the date of the Convening Authority's action. Any such misconduct will void this pretrial agreement and authorize the Convening Authority to approve any sentence adjudged and not suspend the same.

The post-trial review did not mention any reason to depart from the terms of this agreement. Instead, it simply recommended the approval of the adjudged sentence. When the disparity between the agreement and the convening authority's action was discovered at the Court of Military Review level, the Government filed explanatory affidavits with the court. These indicated that the accused absented himself without leave between the conclusion of his trial and the time of the convening authority's action. By error, these circumstances were omitted from the post-trial review. Nevertheless, the convening authority was orally made aware of the accused's misconduct, and based on such knowledge he rescinded an earlier deferment to his sentence to confinement and thereafter approved the sentence as adjudged. It nowhere appears that the accused was ever advised of the staff judge advocate's intent to recommend approval of the sentence, the convening authority's intent to take such action, or the reasons therefor.

The Court of Military Review held that, as a matter of fundamental fairness, the accused was entitled to a hearing before the convening authority on the question of whether he violated the terms of his pretrial agreement. Rather than return the record to the convening authority to hold such a hearing, it, in view of the lapse of time since the trial, reassessed the sentence to cure the effect of the error it perceived.

The certified questions thus present the issue of whether the convening authority is required to hold a hearing when he proposes to take an action on the record of trial at odds with the terms of the pretrial agreement.

■ The Code has never required, nor do we believe that fundamental fairness requires, a formalized hearing at the convening authority level in the event of a difference between the sentence involved in the pretrial agreement and that which the staff judge advocate tends to recommend the convening authority approve. In this case, appellate defense counsel argues that a full hearing is required to vacate an already suspended sentence. See Article 72, Uniform Code of Military Justice, 10 U.S.C. § 872. From this premise, he advances the proposition that a similar hearing must be held if it is intended not to suspend an unapproved sentence when the pretrial agreement provides for its suspension.

The difficulty with this argument is that it simply ignores the fact no suspension exists until the convening authority takes his action on the record. Until then, the sentence is inchoate and the staff judge advocate's review is designed to present the matter of the penalty to be approved to the convening authority impartially and without the need for truly adversary proceedings and no right to be heard as such. Otherwise, we would necessarily have to convert the review of the staff judge advocate and the action of the convening authority into a full-scale appellate hearing in every case. No such procedure was intended by Congress at that level, and we decline judicially so to extend the Code.

■ This does not dispose of the problem presented. Any departure from a pretrial agreement which results in the approval of a sentence greater than that agreed upon or a failure to abide by the terms of the agreement in a manner adverse to the interests of the accused requires discussion in the staff judge advocate's review. It is at the convening authority level that the accused has his best opportunity to receive clemency. And we have repeatedly held that if the post-trial review contains matter adverse to the accused or which may affect the convening authority's action on the sentence, the accused must be apprised of the

adverse information and given the opportunity to explain or rebut it. *United States v. Sarlouis*, 9 U.S.C.M.A. 148, 25 C.M.R. 410 (1958); *United States v. Payne*, 9 U.S.C.M.A. 40, 25 C.M.R. 302 (1958); *United States v. Vara*, 8 U.S.C.M.A. 651, 25 C.M.R. 155 (1958); *United States v. Griffin*, 8 U.S.C.M.A. 206, 24 C.M.R. 16 (1957). We have specifically held the opportunity to rebut or explain must be afforded an accused as to other uncharged offenses that he has subsequently committed. *United States v. Morris*, 9 U.C.S.M.A. 368, 26 C.M.R. 148 (1958); *United States v. Payne, supra.*

In the present case, the staff judge advocate's post-trial review was devoid of any mention of the accused's alleged AWOL nor did it discuss the reasons for not adhering to the pretrial agreement. Although the post-action affidavits of the staff judge advocate and the convening authority establish that the matter was fully discussed between them and that the latter's action was based on the accused's alleged new offense, nowhere does it appear that the accused was informed of the fact that these matters outside the record were to be considered or that he had the opportunity to rebut or explain them. If it is error to fail to accord an accused the opportunity to rebut adverse matters within a post-trial review, a fortiori, it is wrong to supplement a review orally by informing the convening authority of alleged misconduct by the accused bearing on the question of the sentence to be approved and not giving the accused the opportunity to explain. In our opinion, therefore, the review process at the convening authority level was clearly deficient. Prejudice to the accused is shown by the convening authority's admitted reliance on the alleged misconduct as the basis for approving the sentence rather than reducing and suspending it in accordance with the pretrial agreement.

■ In sum, then, we hold that the accused is not entitled to a formal hearing before the convening authority on the ques-

tion of a departure from the terms of his pretrial agreement in the action on the sentence. Reasons for the departure from the agreed sentence must appear in the post-trial review and the accused must be given the opportunity to rebut them. As the review in this case is devoid of any discussion of the matter and the accused was never proffered the opportunity to submit any rebuttal, his substantial rights were materially prejudiced.

As we disagree with the rationale of the United States Army Court of Military Review and conclude it did not consider returning this case for a new post-trial review, we return the case for its further consideration, leaving to it the option of either curing the error by adhering to its reassessment eliminating the punitive discharge or ordering further post-trial proceedings, as it deems proper.

■ This case and others coming before the Court make it apparent that the post-trial review of the staff judge advocate has occasioned recurrent complaints about what should be included in it. Similar outcries have been voiced because of the misleading nature of certain reviews. Because of these continual and often repeated claims of error, plus the delay in determining their validity and correction, we deem it appropriate and expedient to take corrective action. Accordingly, it is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings.[1] The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

---

1. Compliance with this requirement will not be sufficient cause to extend the 90-day period in cases subject to the rule established in *Dunlap*

*v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

The decision of the United States Army Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army for action not inconsistent with this opinion.

Judge COOK concurs.

Judge QUINN did not participate in the decision of this case.