**UNITED STATES**

v.

**Sergeant Jesse J. THOMAS, FR 434–92–6348, 355th Field Maintenance Squadron, 1st Strategic Aerospace Division (SAC).**

**ACM 22018.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 Nov. 1975.

Decided 13 Aug. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major Byron D. Baur.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major John A. Cutts III.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION

EARLY, Senior Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of possessing and selling heroin in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for nine months and reduction to airman basic.

Appellate defense counsel assign five errors. Of these, two are either without merit or were considered in the review of the staff judge advocate and correctly resolved against the accused.

In their first assignment, appellate defense counsel assert:

APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY POST–TRIAL REVIEW AND ACTION.

In support of this assignment appellate defense counsel contend that since the convening authority took action on the 88th day following sentencing, without affording the defense counsel five days to comment on the review of the staff judge advocate,[1]

the 90-day rule of *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), was violated, and the charges should be dismissed. We disagree.

The accused was tried and sentenced on 8 November 1975. On 8 January 1976, the original convening authority disqualified himself because of a statement in the record that a subordinate had offered an essential prosecution witness immunity.[2] See *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Chavez-Rey*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975); *United States v. Moore*, 50 C.M.R. 432 (A.F.C.M.R.1975).

Subsequently on 30 January 1976, the successor convening authority took his action. On 2 February 1976, the review was received by the defense counsel[3], and, on 9 February 1976, he responded.[4]

It is clear that the mandate in *United States v. Goode* was not followed because there was insufficient time for the response of the defense counsel to be returned in the mail before the expiration of the *Dunlap* 90-day period. It is also clear that the processing time from sentence to action was increased because of the disqualification of the original convening authority based on facts not known prior to trial. Thus, the convening authority faced with the dilemma of violating either *Dunlap* or *Goode*, both supra, chose the latter course and forwarded the defense counsel's *Goode* comments with the record of trial for appellate review.

▪ In this regard we note that once the convening authority has promulgated his action, he may not thereafter withdraw it and substitute another therefor regardless of whether the defense counsel has had an opportunity to rebut the review because the convening authority has thereby divested

1. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

2. This fact was disputed in post-trial affidavits. However, the convening authority disqualified himself to avoid the "appearance of evil." See concurring opinion of Judge Quinn in *United States v. Sierra-Albino*, supra, 48 C.M.R. at 537.

3. The convening authority was located at Vandenberg AFB, California, and the defense counsel at Davis-Monthan AFB, Arizona, which understandably necessitated mailing delays.

4. Although defense counsel failed to respond within the five-day period established in *Goode*, we will, for the purposes of this case, consider his response as though it was timely filed.

himself of the authority to reconsider his action. *United States v. Hurlburt,* 1 M.J. 742 (A.F.C.M.R. 28 November 1975), rev'd on other grounds, 1 M.J. 797 (1976). In such case, the proper procedure is to forward the defense counsel's comments for review by appellate authorities.

As we held in *United States v. Bowen,* 2 M.J. 244 (A.F.C.M.R. 23 July 1976): [W]e will examine the review in each instance where a *Goode* mandate violation is claimed to insure that the convening authority has been properly informed of the law and facts of the case, to determine whether the challenge submitted by defense counsel following the convening authority's action otherwise has merit, and, if warranted, to return the record of trial to the convening authority for appropriate corrective action.

2 M.J. at 248. See also *United States v. Stockman,* 1 M.J. 757 (A.F.C.M.R. 11 December 1975); *United States v. Veilleux,* 1 M.J. 811 (A.F.C.M.R. 1976), pet. denied (11 June 1976).

■ We have carefully examined the review and addendum of the staff judge advocate and find that it properly informed the convening authority of the law and facts of this case. Further, the staff judge advocate specifically informed the convening authority that he must take his action prior to receiving the defense counsel's *Goode* comments, and, that, upon receipt, the defense counsel's response would become an allied paper in the record of trial. Under the circumstances, we find no prejudice to the substantial rights of the accused. *United States v. Veilleux,* supra.

■ In their second assignment appellate defense counsel assert:

THE CHARGE WAS BROUGHT UNDER ARTICLE 134 RATHER THAN ARTICLE 92, UCMJ, WHICH OPERATED TO APPELLANT'S PREJUDICE ON SENTENCING BY CREATING A MAXIMUM SENTENCE FIVE TIMES THAT PERMISSIBLE UNDER ARTICLE 92.

At trial, all parties agreed that the maximum punishment for each offense charged included confinement at hard labor for ten years and that the specifications were multiplicious for sentencing purposes. Further, in approving the sentence, the convening authority considered ten years confinement as within the maximum permissible punishment.

In *United States v. Courtney,* 1 M.J. 438 (2 July 1976), the Court of Military Appeals held that where two statutes punish "virtually identical conduct in different ways," the maximum punishment must be limited to the lesser of that authorized by either statute. In the instant case, therefore, the maximum period of confinement at hard labor should have been determined as two years, as provided under Article 92, rather than the ten years authorized under Article 134. Nevertheless, in view of the lenient sentence imposed in relation to the appropriate two year maximum confinement penalty, we perceive no fair risk that the accused has been prejudiced as to sentence. See *United States v. Courtney,* supra.

■ In their third assignment appellate defense counsel assert:

APPELLANT WAS PREJUDICED BY TRIAL COUNSEL'S REPEATED ARGUMENTS FOR A STIFF SENTENCE BASED ON "GENERAL DETERRENCE" CONCEPTS.

We have examined trial counsel's argument and find it moderate in tone. See *United States v. Davic,* 1 M.J. 865 (A.F. C.M.R. 18 May 1976); cf. *United States v. Mosely,* 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976); *United States v. Miller,* 24 U.S.C.M.A. 181, 51 C.M.R. 400, 1 M.J. 357 (1976). However, we need not decide whether his remarks, taken in context, violate the holdings in *Mosely* and *Miller,* both supra, as we find that the accused suffered no prejudice therefrom. First, the accused was tried by military judge alone who is presumed to have exercised the proper discretion, absent a clear showing to the contrary, in distinguishing between proper and improper argument. *United States v. Moore,* 1 M.J. 856 (A.F.

C.M.R. 6 May 1976). Second, the sentence imposed was less than one-tenth of the maximum authorized (at the time) under Article 134 and one-half of that permissible under Article 92 in accordance with the holding in *United States v. Courtney,* supra, for the offenses of which the accused was found guilty, which indicates the absence of any prejudicial effect of the argument on the military judge. *United States v. Bates,* 1 M.J. 841 (A.F.C.M.R. 12 April 1976); *United States v. Adams,* 1 M.J. 877 (A.F. C.M.R. 10 June 1976).

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.

**UNITED STATES**

**v.**