UNITED STATES, Appellee,

v.

Leon HILL, III, Seaman Apprentice, U. S. Coast Guard, Appellant.

No. 32,635.

CGCMS 23202.

U. S. Court of Military Appeals.

Aug. 8, 1977.

*Lieutenant Duncan C. Smith, III,* USCGR, argued the cause for Appellant, Accused.

*Lieutenant Richard A. Legatski,* USCGR, argued the cause for Appellee, United States.

Opinion of the Court

COOK, Judge:

In accordance with his pleas, the appellant was convicted, by a special court-martial consisting of a military judge alone, of absence without authority, the use of disrespectful language toward a warrant officer, and communicating a threat, in violation of Articles 86, 91, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 891, and 934, respectively. The military judge sentenced appellant to a bad-conduct discharge, restriction for 2 months, hard labor without confinement for 3 months, and reduction to the lowest enlisted pay grade, but recommended suspension of the bad-conduct discharge. On November 21, 1975, the convening authority approved the findings and so much of the sentence as extended to a bad-conduct discharge and a reduction to the lowest enlisted pay grade. He did not suspend the discharge and rejected the appellant's petition for clemency, which requested such a suspension. In a post-trial review for the supervisory authority, the staff judge advocate opined that since ap-

pellant could not be rehabilitated, the military judge's recommendation to suspend the bad-conduct discharge should be rejected. The supervisory authority approved the convening authority's action without modification on December 31.

In *United States v. Goode,* 23 U.S.C.M.A. 367, 370, 50 C.M.R. 1, 4, 1 M.J. 3, 6 (1975), this Court, after noting recurring complaints regarding post-trial reviews and the delays encountered in determining the validity of such complaints, held:

> [I]t is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. § 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review. [Footnote omitted.]

We granted review in this case to determine whether corrective action is required because the staff judge advocate failed to comply with the *Goode* requirement.

The parties disagree as to whether the record reflects that trial defense counsel was served with a copy of the post-trial review. Government counsel submits that the notation, " 'Copy to: . . . Defense Counsel . . . ,' " at the end of the review is sufficient to establish the required service. Contrarily, appellate defense counsel asserts that the notation is merely indicative of the desire of the staff judge advocate to furnish a copy of the review to trial defense counsel, but is itself insufficient to establish that the review was in fact served on counsel.

■ *Goode* did not prescribe a formal procedure for service of post-trial reviews on counsel, and we decline to adopt such a procedure today. *Goode* did, however, require that "[p]roof of such service . . . shall be made a part of the record of proceedings." *Id.* at 370. We agree with the appellate defense counsel, therefore, that a notation on the review indicating that a copy of it is to be given to defense counsel at some future time is insufficient to establish that such copy was actually served on counsel. Moreover, even if we were to assume service, the review here is dated December 29 and the supervisory authority's action is dated December 31. As *Goode* contemplates a 5-day period for the response of defense counsel, it is obvious that counsel was not accorded the requisite time to respond.

The question remains as to the proper disposition of a case where the authorities below have failed to comply with a requirement of this Court. Government counsel, noting the appellant's adverse military record,[1] urges affirmance on the basis that the appellant was not prejudiced by the omission. Appellant insists he was prejudiced because a response to the staff judge advocate's comment regarding appellant's lack of rehabilitative potential would have probably resulted in a supervisory authority's action consistent with the military judge's recommendation that the bad-conduct discharge be suspended.

■ The requirement promulgated by this Court in *Goode* was predicated on a desire to eliminate delays encountered in claims of error in post-trial reviews and the exhaustion of appellate resources when such errors could easily and expeditiously be resolved prior to the convening and supervisory authorities' actions. Indeed, this Court in *United States v. Roop,* 16 U.S.C.M.A. 612, 615, 37 C.M.R. 232, 235 (1967), recognized:

> [T]hat as a matter of fairness and eventual expedience, the uninformed accused

---

1. The appellant had previously been convicted by a special and summary courts-martial and subjected to proceedings under Article 15, Uniform Code of Military Justice, 10 U.S.C. § 815, on two occasions.

should be given an opportunity in each and every instance to rebut matters seemingly adverse to him as they appear in the staff judge advocate's review. The mere fact that upon appeal harm to the accused may be found nonexistent, in no sense lessens the obligation to see that he receives those benefits that are rightly his.

The present case demonstrates the delays that can be encountered and appellate resources that can be expended when the requirements of *Goode* are ignored. Accordingly, we conclude that the purpose of *Goode* can be effected only if we insist upon compliance therewith.

■ The decision of the U. S. Coast Guard Court of Military Review and the action of the supervisory authority as to the sentence are reversed. The record is returned to the General Counsel of the Department of Transportation for submission to a competent supervisory authority for a new review and action.

Judge PERRY concurs.

FLETCHER, Chief Judge (concurring in the result):

I agree with the majority that the mandate of *United States v. Goode*, 23 U.S.C. M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), was not met, and that corrective action is required on the basis of the dissenting opinion of Judge Lynch from the Court of Review which is attached as an appendix.

APPENDIX

LYNCH, Judge, dissenting:

While I agree with the majority that, based upon the record before this court, the findings and sentence are correct, it is my opinion that the error discussed below requires that this record be returned to the supervisory authority for compliance with the Court of Military Appeals mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).

The convening authority took his action in this case on 21 November 1975 and forwarded the record of trial to the supervisory authority for review and action pursuant to Article 65(b), UCMJ. The district legal officer submitted his post-trial review and advice to the supervisory authority by memorandum dated 29 December 1975. The Action of the Supervisory Authority approving the findings and sentence was dated 31 December 1975, only two days after the date on the post-trial review and advice of the district legal officer. The defendant received a copy of the record of trial on 23 January 1976. The record is totally silent as to any delivery to the defense counsel of a copy of the district legal officer's post-trial review and advice.

The Court of Military Appeals, in *Goode*, supra, stated:

"[I]t is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. *Proof of such service*, together with any such correction, challenge or comment which counsel may make, *shall be made a part of the record of proceedings*. The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review." (Emphasis added)

It is thus clear that the Court of Military Appeals has imposed a mandatory requirement that all records of trial required to be reviewed pursuant to Article 61 or 65(b), UCMJ contain at the very least proof of service of a copy of the post-trial review and advice on the defense counsel. In the absence of any response from the defense counsel, a waiver will normally be presumed and the convening authority or the supervisory authority, as the case may be, can then proceed to take action on the record.

It could be argued that there is a presumption of regularity that should attach

and that the defense counsel was provided a copy of the post-trial review and advice, particularly in this case since the defense counsel was an attorney on the staff of the district legal officer who prepared the post-trial review and advice. However, the Court of Military Appeals, in my opinion, has gone beyond permitting a "presumption of regularity" and mandated that the record of trial contain proof of service of the post-trial review on the defense counsel.

It could be argued that a review of the post-trial advice in this case reveals that there are no irregularities or misstatements for a defense counsel to complain of; therefore, the failure to comply with *Goode* is harmless error. I cannot accept this argument. The *Goode* opinion makes it clear by implication, if not directly, that a convening or supervisory authority must wait at least five days after the post-trial advice is served on the defense counsel prior to taking action on the record, unless the defense counsel within that five day period submits either his written comments or a written waiver. In this case, as noted earlier, the Action of the Supervisory Authority was dated 31 December 1975 and the district legal officer's post-trial review and advice was dated 29 December 1975, only two days earlier.

Another factor to be considered in this case is that the defense counsel not only argued strenuously against a punitive discharge at trial, but also submitted a petition for clemency to the convening authority. Although the military judge recommended a suspension of the punitive discharge, the convening authority disagreed and approved the sentence to a punitive discharge. In light of the language of the opinion in *Goode*, it is not only errors, irregularities, or misstatements that a defense counsel may challenge in a post-trial advice, but also "any matter . . . on which he otherwise wishes to comment." In his post-trial review and advice, the district legal officer stated that in his opinion there was little likelihood that the defendant could be rehabilitated and he recommended approval of the punitive discharge. This opinion and recommendation, particularly in view of the recommendation of the military judge, were properly the subject matter of appropriate comment by the defense counsel in the response permitted by *Goode*. I cannot, therefore, conclude that the failure to comply with *Goode* was "harmless error."

For the above reasons, it is my opinion that this record should be returned to the supervisory authority for compliance with the *Goode* case and a new Supervisory Authority's Action prepared.