**396**

UNITED STATES, Appellee,

v.

Leonard Carl BRYANT, Quartermaster
First Class, U. S. Navy, Appellant.

No. 32,518.

NCM 75–2333.

U. S. Court of Military Appeals.

Oct. 3, 1977.

*Captain Eugene A. Ritti,* USMCR, argued
the cause for Appellant, Accused.

*Lieutenant Homer S. Pointer,* JAGC,
USNR, argued the cause for Appellee, Unit-
ed States. With him on the brief was *Lieu-
tenant Colonel P. N. Kress,* USMC.

Opinion of the Court

PERRY, Judge:

On May 5, 1975, the appellant was con-
victed at the United States Naval Base, San
Diego, California, of possession of a con-
cealed weapon, wrongfully discharging a
firearm, and attempted murder, in violation
of Articles 134, 92, and 80, Uniform Code of
Military Justice, 10 U.S.C. §§ 934, 892 and
880 respectively. He was sentenced to a
dishonorable discharge, confinement at
hard labor for two years, total forfeitures,
and reduction to the lowest enlisted grade.
He was placed in confinement immediately
upon the announcement of this verdict and
sentence. On July 21, 1975, the 77th day of
the appellant's post-trial confinement, the
Staff Judge Advocate completed his
review[1] and forwarded a copy of it by
registered airmail to the appellant's counsel
who, at that time, was attending a military
judge's training course of the Army Judge
Advocate General's School in Charlottes-
ville, Virginia.[2] For some unknown reason,
delivery of the review through the mails

---

1. Article 61, Uniform Code of Military Justice,
10 U.S.C. § 861.

2. Appellant's counsel was informed by tele-
phone that the review had been mailed to him
and he was requested to act upon it promptly.
*United States v. Bryant,* NCM 75 2333 (N.C.
M.R. April 14, 1976) (Slip Opinion at 2).

was not finally accomplished until July 31, 1975, the 88th day of the appellant's post-trial confinement. Since he was completing his course of study at Charlottesville on that day and preparing to return to his duty station, the attorney elected to personally return the Staff Judge Advocate's review to San Diego. This he did on August 3, 1975, the 91st day of the appellant's post-trial confinement. The convening authority took final action on this review by approving the findings and sentence on August 4, the 92nd day of appellant's confinement.

Before us the appellant contends that he was denied a speedy post-trial review of his conviction as was mandated by *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974). He calls to our attention several periods of time which the Government consumed in processing the case for review prior to forwarding the Staff Judge Advocate's review to his counsel and contends that they constituted unreasonable delays. Finally, he urges that since final action on his conviction and sentence was not taken until the 92nd day of his post-trial confinement, we must critically examine the entire period and adjudge as unreasonable each day that the Government has failed to demonstrate was required to process the case on review. We decline to so hold.

This Court perceived that some delay in processing cases for review was both necessary and reasonable when it fashioned the *Dunlap* rule. In view of that fact, we are unable to say in this case that any portion of the time consumed by the Government prior to completion of the Staff Judge Advocate's review was inordinate. The Court of Military Review correctly concluded that the unusually extended period of time in which it took the U.S. Postal Service to transmit the copy of the Staff Judge Advocate's post-trial review to trial defense counsel, as required by *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), constituted a circumstance which removes this case from application of the *Dunlap* presumption. Surely, the careful efforts taken on the part of the Government to act within the time frame of *Dunlap* cannot be minified by a fortuitous circumstance beyond the control of the Government which happened to have unnecessarily delayed the process. *United States v. Marshall*, 22 U.S.C.A.M.A. 431, 434, 47 C.M.R. 409, 412 (1973). *Cf. United States v. Henderson,* 1 M.J. 421 (1976); *United States v. Larsen,* 23 U.S.C.M.A. 564, 50 C.M.R. 783, 1 M.J. 300 (1975); *United States v. Pyburn,* 23 U.S.C.M.A. 179, 48 C.M.R. 795 (1974). Indeed, we are impressed that, but for this unforeseen circumstance, which was no fault of the Government, the convening authority would have timely promulgated his formal and final action in the appellant's case.

The decision of the United States Navy Court of Military Review is affirmed.

Judge COOK concurs.

Chief Judge FLETCHER concurs in the result.