## UNITED STATES

v.

**Airman First Class Joseph R. MURRAY, FR 159–50–3553, 21st Security Police Squadron, Alaskan Air Command.**

### ACM 22269.

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 May 1977.

Decided 12 Dec. 1977.

---

Appellate Counsel for the Accused: Colonel Robert W. Norris and Lieutenant Colonel Larry G. Stephens.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by general court-martial, military judge alone, the accused was convicted, pursuant to his pleas, of three specifications of larceny, destruction of Government property, and falsely making the signature of another with intent to defraud, in violation of Articles 121, 108 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 908, 923.[1] He was sentenced to a dishonorable discharge, confinement at hard labor for 30 months, total forfeiture and reduction to airman basic. The convening authority approved only a bad conduct discharge, confinement at hard labor for 18 months, total forfeiture and reduction to airman basic.

In his request for appellate representation, the accused assigned one error which we have considered and find to be without merit. Appellate defense counsel assert one additional error:

THE ACCUSED WAS DENIED HIS RIGHT TO COMMENT ON THE POST-TRIAL REVIEW.

We agree.

The accused was sentenced on 12 May 1977, and the review of the staff judge advocate was completed on 27 July 1977. According to an affidavit of the reviewer, daily attempts were made from 28 July 1977 through 5 August 1977, to serve a copy of the review on the defense counsel,[2] but these efforts were frustrated because the defense counsel was on leave during this entire period. Finally, on 5 August 1977, the reviewer notified the convening authority of these facts and advised him to take action no later than 9 August 1977. On 8 August 1977, the convening authority took action on the case. On 10 August 1977, the defense counsel acknowledged service of the review, and, on 12 August 1977, the

---

1. The accused was acquitted, pursuant to his pleas, of one count of larceny. He also pleaded guilty to the Article 108 specification by exceptions and was found guilty in accordance with his plea.

2. Pursuant to the mandate in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), defense counsel is given 5 days within which to reply on penalty of waiver.

defense counsel replied that since the action was already taken, "any comments on that review by the defense at this time would be pointless."

We have recognized the dilemma faced by a convening authority in this sort of situation.[3] He must either violate the 90-day action rule of *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974) or fail to comply with the mandate of *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975) that a copy of the review of the staff judge advocate be served on the defense counsel so that he may make such comments or challenge as he wishes. While we have always recognized the exceptional utility of the *Goode* procedure, which permits correction of errors in the review at the proper level, we have also faced the inelasticity of application of the *Dunlap* standard. See *United States v. Ledbetter*, 25 U.S.C.M.A. 51, 54 C.M.R. 51, 2 M.J. 37 (1976). Hence, we have held where, as here, the convening authority cannot serve a copy of the review on the defense counsel in sufficient time to permit his comments and return within the 90-day standard, that the convening authority should take his action and forward the record of trial, along with the defense counsel's *Goode* comments, for appellate review. See *United States v. Thomas*, 2 M.J. 263 (A.F.C.M.R.1976). Here the convening authority, faced with the continuous unavailability of the defense counsel, did as we directed, except that defense counsel refused to submit his *Goode* comments.[4]

Since our last look at this "dilemma", the United States Court of Military Appeals has reexamined *Dunlap* and *Goode*, both supra. In *United States v. Hill*, 3 M.J. 295 (C.M.A. 1977), the Court held that failure to serve a copy of the review on the defense counsel with sufficient time for his comments requires the return of the record of trial for a new review and action. In *United States v. Bryant*, 3 M.J. 396 (C.M.A.1977), the convening authority took his action on the 92nd day of post-trial confinement, but the delay was caused by an "unusually extended period of time" in mailing the review to the defense counsel. The Court held that this "constituted a circumstance which remov[ed] this case from the application of the *Dunlap* presumption." 3 M.J. at 397. As we read *Bryant*, if the reason for the delay past the 90th day is not attributable to the Government, the *Dunlap* rule will not be mechanically applied.

Here the delay was caused by the absence of the defense counsel on leave, a circumstance which may not be attributed to the Government.[5] Under such circumstances we believe the convening authority might have safely awaited the return of the defense counsel before taking his action. Be that as it may, we cannot fault the procedure followed since it was the one recommended by this court. In light of *United States v. Hill*, supra, however, it is clear that fairness, and the obvious benefits of the *Goode* mandate, cannot be attained, absent submission of the review to the defense counsel for his comments. Accordingly, we will return the record to the convening authority for submission to the defense counsel for such remarks as he may wish to make. The staff judge advocate should add his further advice as required.

The action of the convening authority is set aside, and the record is returned for action in accordance with this decision.

ORSER and ARROWOOD, Judges, concur.

---

3. *United States v. Thomas*, 2 M.J. 263 (A.F.C.M.R.1976); *United States v. Bowen*, 2 M.J. 244 (A.F.C.M.R.1976); *United States v. Veilleux*, 1 M.J. 811 (A.F.C.M.R.1976), pet. denied (1976); *United States v. Stockman*, 1 M.J. 757 (A.F.C.M.R.1975).

4. For the reasons stated in *United States v. Thomas*, 2 M.J. 263 (A.F.C.M.R.1976), and *United States v. Bowen*, 2 M.J. 244 (A.F.C.M.R. 1976), defense counsel are encouraged to submit their *Goode* comments even where such action postdates convening authority action.

5. No "fault" is attributed to the defense counsel for his absence in leave status. We consider that matter as simply a "fortuitous circumstance beyond the control of the Government which happened to have unnecessarily delayed the [review] process." *United States v. Bryant*, supra, at 397.