UNITED STATES

v.

**Claude E. KIRKLAND, 269 54 0347, Private (E–1), U. S. Marine Corps.**

NCM 77 1648.

U. S. Navy Court of Military Review.

Sentence Adjudged 13 May 1977.

Decided 20 Jan. 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

PER CURIAM:

Appellant was convicted at a general court-martial bench trial of nine specifications of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 921. He was represented at trial by his appointed defense counsel and by individual military counsel. By the time of completion of the staff judge advocate's post-trial review, the appointed defense counsel had been released from active duty. For this reason, an assistant defense counsel was appointed at that time to accept service of a copy of the review and was afforded an opportunity to comment on the review in accordance with *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). A copy of the review, however, was not provided to appellant's individual military counsel.

We have previously indicated that, where trial defense counsel is "unavailable" to accept service of the post-trial review, appointment of a new defense counsel for this purpose is a reasonable, good faith alternative. *United States v. Crawley*, 3 M.J. 616 (N.C.M.R.1977). In reaching this conclusion, however, we also stated:

. . . Whenever possible, the copy of the review should be served on the counsel who represented the accused at trial. He is in the best position, in the normal course of events, to recall what occurred at trial and to correct or challenge defects in the staff judge advocate's review.

\* \* \* \* \* \*

. . . In those cases where substituted counsel is designated, however, we believe the record of trial should clearly establish that the trial defense counsel is truly "unavailable" (e. g. release from active duty, permanent change of station out of the area, extended leave, extended illness) and that a real necessity exists for appointment of substitute counsel (e. g. undue delay in completion of review, violation of the mandate of *Dunlap* or *Brewer*). We believe this approach also comports with the strong views concerning post-conviction representation of an accused expressed by the Court of Military Appeals in *United States v. Palenius*, 25 U.S.C.M.A. 222, 54 C.M.R. 549, 2 M.J. 86 (Interim) (1977). [*Id.* at 617–618 (footnote omitted)].

In this case, the record of trial does not establish that individual military counsel was "unavailable" to accept service of the review. In fact, just the opposite appears to have been the case. Individual counsel remained stationed in the immediate area where the trial was held and the review prepared. Under these circumstances, we conclude that there has not been compliance with the mandate of *United States v. Goode, supra*.

Previous decisions of the various Courts of Military Review have indicated that, in cases such as this, the staff judge advocate's review may be examined to determine whether an appellant has been prejudiced by the failure to comply with *Goode*. If prejudice was clearly not present, no further action was considered necessary. *See United States v. Schooler*, 1 M.J. 674 (N.C.M.R. en banc 14 October 1975), *pet. denied*, No. 31,467 (U.S.C.M.A. 18 February 1976); *United States v. Wallace*, 54 C.M.R. 876 (Interim), 2 M.J. 1087 (A.C.M.R.1976); *United States v. Vielleux*, A.C.M. 21937, 1 M.J. 811 (A.F.C.M.R.1976), *pet. denied*, No. 32,259 (U.S.C.M.A. 11 June 1976). In view of the recent decision in *United States v. Hill*, 3 M.J. 295 (C.M.A.1977), however, we believe this no longer to be

correct and that failure to comply with *Goode* requires a return of the record for compliance in all cases.[1]

Accordingly, the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General for resubmission to the same convening authority for compliance with *United States v. Goode, supra,* and a new convening authority's action.

1. In *Hill*, 3 M.J. at 297, the Court of Military Appeals directed "submission [of the record] to a competent supervisory authority for a new review and action." We believe the mandate of the Court was undoubtedly framed in this manner to cover the situation where the record would not be returned to the original reviewing authority. Since the desired remedy is merely proper compliance with *Goode*, a new staff judge advocate's review would not appear to be required where the record is returned to the same reviewing authority.