## UNITED STATES

v.

**Thad Dean HUFFSTETLER, Jr., 242 04 2785, Dental Technician Third Class (E–4), U. S. Navy.**

**NCM 77 1913.**

U. S. Navy Court of Military Review.

Sentence Adjudged 28 June 1977.

Decided 10 March 1978.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

This case causes us concern. We are convinced beyond any doubt that appellant has not been prejudiced by any omission or action below, but, nonetheless conclude that controlling case law requires us to direct a futile and useless action.

Appellant pleaded guilty to separate charges of conspiracy to violate Navy Regulations through the sale of marijuana, in violation of Article 81, UCMJ, 10 U.S.C. § 881, and a violation of Article 92, UCMJ, by contravening Navy Regulations, the charge involving seven specifications alleging possession of a small quantity of heroin, possession, transfer and sale of marijuana, and use of marijuana and heroin in combination. The quantity of marijuana for distribution to other members of the naval service was substantial. Appellant, in simplest terms, was a supplier for profit.

Appellant was tried at Subic Bay, Republic of the Philippines on 27 and 28 June 1977. He was represented by both detailed defense counsel and individual military defense counsel, who were then assigned to the Naval Legal Service Office, Subic Bay. The convening authority's wife testified by stipulation on behalf of appellant, a dental technician, regarding his courteous treatment of her while she was undergoing orthodontic care. The convening authority, because of her testimony, disqualified himself to review the case and forwarded the record to Commander, U. S. Naval Forces, Japan, for initial review and action.

The staff judge advocate's review in this case was completed on 6 September 1977 and, pursuant to *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), a copy was forwarded to the appointed defense counsel in the Philippines and to the individual defense counsel, who by that time had been transferred to the Navy-Marine Corps Trial Judiciary Branch Office, Newport, Rhode Island. The Officer in Charge, Naval Legal Service Office, Newport, Rhode Island, was requested to make service and advise by message the date of service. By message, on 16 September 1977, the Officer in Charge advised that service had been accomplished on 15 September. The individual defense counsel on 19 September sent a message to Commander, U. S. Naval Forces, Japan, stating that he had mailed a response pursuant to *United States v. Goode, supra,* in 19 September. The response of detailed defense counsel, who had specifically requested Commander, U. S. Naval Forces, Japan, to delay his initial action until receipt of his response, was received 23 September 1977.

*Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), mandates that the convening authority take his initial action within 90 days after trial and continuous post-trial confinement, or reversal of the conviction and dismissal are required, absent extraordinary circumstances. *United States v. Goode, supra,* does not extend that 90-day period to complete requirements it establishes. The 90th day after trial and of continuous post-trial confinement in this case would have been reached 26 September 1977. The convening authority, after reviewing additional advice from his staff judge advocate concerning the detailed counsel's response, took his action on 23 September 1977. The record of trial was forwarded to the Judge Advocate General for referral to this Court on 11 October. On 17 October, the officer who took initial action forwarded the *Goode* response of the individual defense counsel, noting that the

comments were similar to those advanced by detailed defense counsel. He reaffirmed his belief that his action of 23 September had approved an appropriate sentence. The record does not disclose the date the response was received. Appellant's further confinement at hard labor was remitted in a supplementary action by the Commanding Officer, Naval Support Activity, Treasure Island, California, on 5 January 1978.

After examining the record, the staff judge advocate's review, and the *Goode* response of both detailed and individual military counsel, we can conceive of no possible prejudice flowing to the appellant.

This case is illustrative of the convolutions which characterize good-faith efforts to apply the disarmingly simple dictates of *United States v. Goode, supra.* The Navy is an organization which functions worldwide. Counsel, judges, confinement facilities and even, as in this case, because of the disqualification of the convening authority, the components necessary to comply with an ostensibly simple rule are stretched by geographical extremes, with time and distance factors major problems. It is no answer to say that planning can overcome real time delays occasioned by communications difficulties. Communication problems plague even military operations where communications with operational precedence, designed for rapid response, are utilized. The communications gaps are more pronounced in administrative situations. What was conceived as a routine procedure to speed appellate review and to reduce recurrent complaints of deficiencies in staff judge advocate's reviews can consume inordinate time and personal attention in its execution by professional, not ministerial, personnel. It arises all too often in actual practice. Requirements such as *Goode* imposed, could be simply accommodated in civilian courts of first instance which function in a limited geographical area (a municipality or a judicial circuit). Judges, counsel and court personnel are largely indigenous and stable, and circumstances peculiar to the system of military justice, e. g., mandatory functions of convening authorities, statutory rights to select counsel, and personnel transfers, do not exist. In the military justice system, post conviction failure of the convening authority to act within 90 days, absent extraordinary circumstances, dictates summary reversal; reliance on perceived extraordinary circumstances to delay action beyond 90 days could trigger the same result. *Dunlap v. Convening Authority, supra; United States v. Bryant,* 3 M.J. 396 (C.M.A. 1977). Selection of a course of action is "chancy", especially since reversal is the penalty for a wrong choice in carrying out a procedural process not central to the question of guilt or innocence or substantive, prejudicial error.

In the present case, the convening authority took his action on the 87th day of appellant's continuous post-trial confinement. The record does not disclose, but we must assume, message precedence being what it is, that the message of the individual defense counsel sent on 19 September, informing the convening authority that response had been mailed, had been received prior to his action on 23 September. The language of *Goode* permits response within 5 days before the right is waived. Individual defense counsel had thus met this deadline of responding, with only the circumstance of postal delay, albeit control beyond the control of the Government, *United States v. Bryant, supra,* affecting receipt and consideration prior to the initial action. Under these circumstances, action until response was received and considered should have been delayed. *Compare United States v. Hill,* 3 M.J. 295 (C.M.A. 1977) and *United States v. Bryant, supra.*

We readily concede that what we synthesize as the effect of the holdings in the cases cited above, applied to the facts of the instant case, is little consolation to a staff judge advocate who must make the original on-the-spot decision as to the most appropriate course of action to avoid reversible error in a collateral procedural action on a conviction which otherwise substantively merits affirmance. With the approaching 90-day crisis point, the action taken in this case was certainly justified by caution. The staff judge advocate had completed the required review 17 days before the convening authority took his action, 3 days short

of the critical 90th day. Service had been accomplished on each defense counsel. The computational skills of lawyers, with rare exception, are notoriously poor. Predictability by appellate court watching in gray areas is marked all too often by signal failures. The staff judge advocate did well to act with caution. However, unless we misread the applicable decisions, the action of the convening authority should have been delayed to permit consideration of the *Goode* response, completed and mailed within 5 days of service, which fact had been communicated by message and presumably received prior to the action of the convening authority. There was not, therefore, technically a compliance with the *Goode* rule. *Compare, United States v. Kirkland,* 4 M.J. 789 (N.C.M.R. 1978), which interprets *United States v. Hill, supra,* to require a return of the record when the *Goode* rule has not been complied with, without reference to any prejudice an accused may have suffered.

Accordingly, the action of the convening authority is set aside. The record of trial is returned to the Judge Advocate General for resubmission to the same convening authority for a new action after formal consideration of the *Goode* response of individual defense counsel.

Judge ROOT and Judge GREGORY concur.