**UNITED STATES**

v.

**Airman First Class Richard K. MARLER, FR 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 United States Air Force.**

**ACM 22447.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 14 Sept. 1978.

Decided 17 April 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Robert T. Mounts.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused pleaded guilty to desertion and larceny in violation of Articles 85 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 921. The sentence approved by the convening authority extended to a bad conduct discharge, confinement at hard labor for one year, forfeiture of $200.00 per month for twelve months and reduction to airman basic.

■ Appellate defense counsel now contend that the pretrial confinement of accused from 15 June 1978, the date of the pretrial confinement hearing, until 14 September 1978, the date of trial, was illegal since the officer conducting the hearing did so without authority.

The procedure for conducting pretrial confinement hearings for Air Force members is established in paragraph 3–25, Air Force Manual 111–1(C2), 8 October 1976. It provides for the staff judge advocate to conduct the hearing and provide his findings and recommendations to the special court-martial convening authority, who, as a neutral and detached magistrate, determines whether or not the member should be confined. *Courtney v. Williams,* 1 M.J. 267 (C.M.A.1976); *United States v. Williams,* 2 M.J. 275 (A.F.C.M.R.1976). If the staff judge advocate is "disqualified or is absent, the senior eligible judge advocate in his office may, as acting staff judge advocate, conduct the hearing." Para. 3–25e(3), AFM 111–1, *supra.*

It is clear in this case that the officer conducting the hearing was not the acting staff judge advocate. The report of the pretrial confinement hearing identified him as an assistant staff judge advocate, and his report was forwarded to the convening authority as an attachment to a recommendation for pretrial confinement by the staff judge advocate. Our review of the record and allied papers does not show that the staff judge advocate was absent or disqualified from conducting the hearing. *United States v. Fals,* 6 M.J. 713 (A.F.C.M.R.1978).

Since the officer appointed to conduct the pretrial confinement hearing was not qualified under the provisions of paragraph 3–25, AFM 111–1, *supra,* the hearing was a nullity. Accordingly, without a proper hearing as required by *Courtney v. Williams, supra,* the pretrial confinement of the accused from 15 June 1978, to 14 September 1978, a period of ninety-one days,[1] was illegal and must be deducted from the accused's sentence to confinement. *United States v. Larner,* 1 M.J. 371 (C.M.A.1976).

Appellate defense counsel also assert that the accused was prejudiced by a violation of the mandate in *United States v. Goode,* 1 M.J. 3 (C.M.A.1975),[2] when the convening

---

1. Due to defense request for delays to prepare for trial, the ninety day rule in *United States v. Burton,* 21 U.S.C.M.A. 112, 44 C.M.R. 166 (1971), does not apply.

2. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975), requires a copy of the written review required by Article 61 or 65(b), Uniform Code of Military Justice, 10 U.S.C. §§ 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter

he deems erroneous, inadequate of misleading, or on which he otherwise wishes to comment. The failure of counsel to take advantage of this opportunity within five days of service of the review will normally be deemed a waiver of any error in it. Compliance with this requirement will not be sufficient cause to extend the ninety day period in cases subject to the rule established in *Dunlap v. Convening Authority,* 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974).

authority took his action before the staff judge advocate's post-trial review was served on the defense counsel for his comments.

■ The convening authority was frustrated by his inability to locate and serve the defense counsel before the ninety day action rule of *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974)[3] was violated. He was aware that the accused's sentence to confinement had been deferred for five days, but was unsure of its effect in determining when the ninety days expired.[4] He chose to take his action on the ninetieth day after the trial, even though the defense counsel, who was served the same day, had no time to submit his response. When the response was received on the ninety-fifth day after trial, it was submitted, along with the record, for appellate review.[5]

In *United States v. Hill*, 3 M.J. 295 (C.M.A.1977), the Court of Military Appeals made it clear that the failure to serve a copy of the review on the defense counsel without sufficient time before action for his comments was error, but that such error could be corrected by returning the record to the convening authority for a new review and action.

In *United States v. Bryant*, 3 M.J. 396 (C.M.A.1977), the defense counsel, due to his temporary duty and return travel, was not served with the review until the eighty-eighth day of the accused's post-trial confinement. He submitted his response on the ninety-first day and the action of the convening authority was signed on the ninety-second day. The court found the circumstances causing the delay in this case to be beyond the control of the Government and removed the case from the application of

the *Dunlap* presumption. The court was impressed that, but for the unforeseen circumstances, which was no fault of the Government, the action would have been timely.

A similar situation to *Bryant* arose in *United States v. Murray*, 4 M.J. 723 (A.F.C. M.R.1977). Since the defense counsel was on leave and could not be served with the review, the convening authority took action on the ninetieth day. Having the benefit of both *Hill* and *Bryant*, we found that, under such circumstances, the delay caused by the absence of defense counsel was not attributable to the Government, and the convening authority could have awaited the return of defense counsel and his response before he took action. The record was returned to the convening authority for compliance with the *Goode* mandate.

■ We find the circumstances in this case very similar to those in *United States v. Murray, supra*. Whereas in *Murray* the defense counsel was on leave, here, while they were absent from their office participating in other trials, the record was mailed to the unoccupied office. When the problem was discovered, immediate action was taken by the convening authority to avert any further delay. However, believing action must be taken within ninety days after the date of trial, he signed the action without giving the defense counsel time to reply. Clearly the mandate in *Goode* was violated, but under the circumstances we believe the convening authority could have delayed his action. *United States v. Bryant* and *United States v. Murray*, both *supra*. Even if we found the Government contrib-

---

3. *United States v. Dunlap, supra*, establishes a presumption of a denial of speedy disposition if the accused is continuously under post-trial restraint and the convening authority does not promulgate his formal and final action within ninety days of the date of such restraint.

4. The days which the accused was not confined due to the deferment of his sentence were properly deductible in determining whether or not he had been confined continuously for more than ninety days. See *United States v. Schilf*, 1

M.J. 251 (C.M.A.1976); *United States v. Slama*, 23 U.S.C.M.A. 560, 50 C.M.R. 779 (1975).

5. The procedure used by the staff judge advocate was previously recommended by this Court in *United States v. Thomas*, 2 M.J. 263 (A.F.C.M.R.1976) and *United States v. Bowen*, 2 M.J. 244 (A.F.C.M.R.1976), but by the time of this action it had been withdrawn, *United States v. Murray*, 4 M.J. 723 (A.F.C.M.R.1977).

uted to the delay in serving the defense counsel, the five day deferment of the accused's sentence to confinement provided sufficient time for the *Goode* requirements to be completed before the accused had been confined for ninety days.

Accordingly, the action of the convening authority is set aside and the record is returned for a new review and action in accordance with this decision.

EARLY, Chief Judge, and HERMAN, Judge, concur. ORSER, Judge, absent.