**UNITED STATES**

v.

**Staff Sergeant Monroe C. CLARK, Jr., FR 567–88–1424 United States Air Force.**

**ACM 22459.**

U. S. Air Force Court of Military Review.

Sentence adjudged 9 Jan. 1979.

Decided 29 May 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

## DECISION and ORDER

EARLY, Chief Judge:

This case is before us on motion of appellate Government counsel for leave to file an affidavit as part of their reply to appellate defense counsel's assignment of errors. The motion is granted.

The first error assigned alleges that the appellant was denied his rights to submit comments on the post trial review in violation of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). It appears from the affidavits filed by both appellate counsel that the defense counsel was departing Clark AB, Republic of the Philippines, on a permanent change of station some two weeks after the trial of the accused. Recognizing this, some form of arrangement was made between defense counsel and a representative of the convening authority for service of a preliminary draft of the post trial review on defense counsel prior to his departure with the understanding that counsel would submit his comments upon arrival at his new duty station. It was also understood by defense counsel that a request for delay for additional time for such comments would be favorably received. Defense counsel, by electrical message, requested such a delay upon arrival at the port of debarkation, but it was denied by the convening authority. By misunderstanding the return message, defense counsel did not submit his comments prior to action by the convening authority.

The failure to grant the additional time requested by defense counsel is, under the peculiar facts of this case, error. A permanent change of station by the defense counsel, particularly where it involves a move of thousands of miles, is a justifiable reason to toll the running of the post trial review clock. See *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974); *United States v. Murray*, 4 M.J. 723 (A.F.C. M.R.1977), *pet. denied*, 5 M.J. 210 (C.M.A. 1978). In *Murray* we held that the absence of the defense counsel on leave was not a circumstance attributable to the Government for the purpose of counting post trial delay. Here the absence of the defense counsel was a result of valid orders issued by the Government. We note that the defense counsel's port call had been extended several times in order that he might fulfill his commitments to his clients, and that dates for port calls, though not completely inflexible, are difficult to extend in overseas areas. Thus, this too is not a "circumstance attributable to the Government." In

sum, this is simply an "exigency of the service" which must be recognized as a part of military life and, as such, falls outside of the *Dunlap* rule.[1]

Since we find that the convening authority would not have been prejudiced by granting the requested extension,[2] fundamental fairness requires that the request for delay should have been granted.[3]

The action of the convening authority is set aside and the record is returned for a new review and action. The review will be served on the defense counsel with sufficient time for him to make such comments as he deems appropriate.[4]

HERMAN, ORSER and ARROWOOD, Judges, concur.

---

1. A routine change of assignment does not constitute good cause for termination of the defense counsel—accused relationship. *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978). Recognizing this, it follows that the absence of the defense counsel,—the person best qualified to make the *Goode* response—by virtue of change of station orders is good cause to extend the *Dunlap* time schedule.

2. There was not a problem with the running of the *Dunlap* time standard here.

3. Appellate Government concur in the disposition requested.

4. The other issues raised by appellate defense counsel will be addressed upon completion of the action directed.