UNITED STATES

v.

Sergeant Clifford R. HAND, FR 535–62–8504, United States Air Force.

ACM S24767.

U. S. Air Force Court of Military Review.

Sentenced Adjudged 27 April 1979.

Decided 3 Jan. 1980.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens, and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

DECISION

ARROWOOD, Judge:

The accused was found guilty of offenses involving the sale and use of marijuana in

violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Several assignments of error made by appellate defense counsel require discussion: whether the informant was an accomplice to the accused's use of marijuana because he smoked with him at the time of the sale; whether the use and sale of marijuana was multiplicious for sentencing purposes; whether accused's admission to uncharged misconduct required special instructions by the military judge; and whether the convening authority must grant additional time for defense counsel to respond to the review. Under the facts of this case we determine each issue adversely to the accused.

Although not raised at trial, it is now contended that the government's only witness to the accused's use of marijuana was an accomplice and therefore the military judge should have instructed the court on accomplice testimony. The witness in this instance was an informant for the Air Force Office of Special Investigations (OSI) and had made numerous purchases of marijuana from different individuals under the direction and limited surveillance of several OSI agents. He testified as follows:

> Basically, they didn't give me any instructions. They just wanted me to sit [sic] up the buys and go in and make the buys and try to make them as naturally as I would normally make them.

The offense in question occurred when the informant, under OSI instructions, went to the accused's quarters seeking to buy some marijuana. As they began to talk, the accused brought out a bag of marijuana and asked the informant to roll some. While the informant was rolling a cigarette, the accused brought out a marijuana bong, filled it with water and had the informant place the rolled cigarette into it. Both the accused and the informant smoked from the bong. After smoking, the accused sold the informant four bags of marijuana which he turned over to the OSI agents who had been waiting for him outside the quarters.

▮ An accomplice is defined as one who was culpably involved with another in the commission of a crime. *United States v. Scoles*, 14 U.S.C.M.A. 14, 33 C.M.R. 226 (1963); *United States v. Bey*, 4 U.S.C.M.A. 665, 16 C.M.R. 239 (1954). Whether a witness is an accomplice so as to require instructions on accomplice testimony is measured by whether the evidence established that the witness was subject to criminal liability for the same crime as the accused. If he is criminally liable then the instruction is required. *United States v. Garcia*, 22 U.S.C.M.A. 8, 46 C.M.R. 8 (1972). A witness acting under the auspices of a government investigative agency who participates in a crime in order to provide evidence of the accused's criminal activity is not criminally responsible and therefore is not an accomplice in the crimes committed by the accused. *United States v. Scoles, supra; United States v. Baker*, 2 M.J. 360 (A.F.C.M.R.1977).

▮ The OSI agents' instructions to the informant clearly authorized him to engage in purchasing marijuana from the accused and to make the buys "naturally" and as he would "normally make them." Under these instructions it was foreseeable and possibly expected that such a transaction would include smoking marijuana at the time of the sale. There is no indication that the informant encouraged or solicited the accused to smoke, but merely reacted to the accused's requests in such a manner as would appear normal under the circumstances. We find the accused was acting under the auspices of the OSI and that his conduct, including the smoking of marijuana, did not exceed the scope of that authority. *United States v. Baker, supra.* Under these facts the informant is not criminally responsible for the crime committed by the accused and thus was not an accomplice. Since he was not an accomplice, no instructions on accomplice testimony were required. *United States v. Garcia, supra.*

▮ The smoking of marijuana, even though it occurred at the time the marijuana was sold to the informant, was independent of the sale. Neither offense was part of the other as would have been the case if

possession of marijuana had been charged. *United States v. Waller*, 3 M.J. 32 (C.M.A. 1972); *United States v. Smith*, 1 M.J. 260 (C.M.A.1976). Under these circumstances the use of marijuana is a separate and distinct offense from that of the sale and is not multiplicious for sentencing purposes. *United States v. Poinsett*, 3 M.J. 697 (A.F.C. M.R.1977), pet. denied, 3 M.J. 483 (C.M.A. 1977).

The acts of uncharged misconduct complained of by the accused arose from his own admissions to the informant that "[h]e was guaranteed a kilo a month and more if he needed it for sale." These admissions were considered by the informant to be an offer of sale to him and are part of the chain of events that led to the commission of the crimes charged. Therefore, no limiting instruction is required. *United States v. James*, 5 M.J. 382 (C.M.A.1978).

We further find that the convening authority who took action on this case did not abuse his discretion by refusing to grant the three civilian defense counsel additional time to prepare the response to the staff judge advocate's review under *United States v. Goode*, 1 M.J. 3 (C.M.A.1975). The delay was not requested until the time given the defense to respond had expired, and it cited "case loads in local courts" as the reason the additional time was needed. Under these facts the rule of "fundamental fairness" which we have relied on in other cases of this nature does not dictate that the defense counsel be given additional time by the convening authority. *United States v. Clark*, 7 M.J. 822 (A.F.C.M.R.1979); *United States v. Murray*, 4 M.J. 723 (A.F.C.M.R. 1977), pet. denied, 5 M.J. 210 (C.M.R.1978).

The remaining assignments of error have been considered and also decided adversely to the accused. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and POWELL, Judge, concur.