**UNITED STATES**

v.

**Sergeant Willis S. JENKINS, FR 258–76–3519 435th Aerial Port Squadron (formerly 630th Military Airlift Support Squadron) United States Air Forces in Europe.**

**ACM 21916.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 May 1975.

Decided 26 Nov. 1975.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Bruce R. Houston. Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

## DECISION

LeTARTE, Chief Judge:

The accused was convicted, contrary to his pleas, of wrongfully possessing marijuana and heroin and, in consonance with his plea, of wrongfully selling heroin, all offenses being alleged as violations of Article 134, 10 U.S.C. § 934, Uniform Code of Military Justice. He was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for 12 months, to forfeit $100.00 per month for 12 months and to be reduced in grade to airman basic. After approving the sentence as adjudged, the convening authority designated the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the place of confinement.

In a single assignment of error, appellate defense counsel assert:

THE POST TRIAL REVIEW INCORRECTLY ADVISED THE CONVENING AUTHORITY THAT APPELLANT WAS FOUND GUILTY OF CHARGE II.

Under Charge II and its specification, the accused was tried for, and acquitted of, violating a lawful general regulation (Article 92(1)) by possessing methaqualone. Notwithstanding these findings, on the first page of the Staff Judge Advocate's Review of Trial by Court-Martial (AF Form 242), the staff judge advocate erroneously entered the notation "G" under the heading "FINDINGS" as to Charge II. Thereafter, however, with respect to the Specification of Charge II, the staff judge advocate correctly noted that the accused had been found "NG" thereof.

The error in this case is substantially the same as was found prejudicial in *United States v. Garcia*, 23 U.S.C.M.A. 479, 50 C.M.R. 498, 1 M.J. 77 (1975), where the staff judge advocate erroneously indicated in his review that the accused had pleaded guilty to an offense of which he actually had pleaded not guilty. Nevertheless, in assessing for prejudice, we perceive a significant distinction between the *Garcia* error and that herein. In this case, the cover sheet properly reflects that the accused was acquitted of the *specification* in issue, and since one's criminality is determined by the findings as to specifications, except where mandatory punishment is involved, the error indicating conviction of the charge only was immaterial. Cf. *United States v. Hathaway*, 1 C.M.R. 776 (A.F.B.R. 1951). Furthermore, there is not the remotest possibility that the convening authority could have been misled by the erroneous notation because elsewhere in the review he was specifically advised:

[The accused] was found guilty of all three illicit drug offenses under Article 134, but was acquitted of the alleged wrongful possession of methaqualone, in violation of regulation and Article 92.[1]

Accordingly, under the circumstances of this case, we find that the accused was not prejudiced by the staff judge advocate's erroneous statement.[2]

The findings of guilty and the sentence are Affirmed.

EARLY and ORSER, Judges, concur.

---

1. He was also informed that, during a search of the accused's home, the substances comprising the basis of the possession offenses alleged as Article 134 violations *and* a bottle "revealing the presence of methaqualone" were seized. While it was inappropriate for the staff judge advocate to summarize the evidence pertaining to the crime of which the accused was acquitted, we do not perceive any "impermissible motives" on his part. See the opinion of Chief Judge Fletcher in *United States v. Cree*, 1 M.J. 210 (1975).

2. While we find it unnecessary to invoke the waiver doctrine in this case, we note that counsel for the accused was accorded an opportunity to challenge the matter contained in the post-trial review and chose not to do so. See, *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).