UNITED STATES

v.

Anthony F. GLENN, 488 56 4391, Sergeant, E–5, U. S. Marine Corps.

NCM 76 1933.

U. S. Navy Court of Military Review.

Sentence Adjudged 24 May 1976.

Decided 11 Nov. 1976.

LT Robert R. Sparks, Jr., JAGC, USNR, Appellate Defense Counsel.

LT Patrick A. Fayle, JAGC, USN, Appellate Government Counsel.

Before MURRAY, MALLERY and GREGORY, JJ.

MURRAY, Senior Judge:

We note that several objections of considerable merit were voiced with respect to the review of the staff judge advocate by the trial defense counsel, per *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The staff judge advocate gives rather cursory treatment to these objections in his rebuttal to the defense counsel's comments. This is consistent with the staff judge advocate's inadequate summarization of the evidence and articulation and discussion of the law relating to the procedural and substantive issues raised at trial. If the inadequate review were the only error of record, it would suffice to return the record for a different review and new

action, but we note that in several instances the trial judge comported himself in a non-judicious fashion that seriously challenges the fairness of the proceedings.

■ In addition, the trial judge seriously erred to the substantial prejudice of the appellant in allowing the CID agent's answer to a simple "yes or no" question to stand wherein he (the agent) testified that if he had apprehended the appellant immediately after the alleged drug transactions, he would have been "minus one informant also"—since the agent had already had one informant in a drug case murdered. (The latter information was also allowed to the members over defense objection).

■ The trial judge also erred when he implied in his instruction that the only clemency action the members could take as to the sentence, if any, would be to recommend suspension of the punitive discharge. As a matter of clemency recommendation, the members may suggest suspension of any portion of the sentence adjudged and are not limited to the punitive discharge. If the trial judge is going to instruct on clemency directly or impliedly, he should give the full range of such instruction.

We further note with serious misgiving the government's utilization of lump sum pleading wherein the total amount of alleged illegal drugs was pleaded in the specifications alleging the possession and transfer and sale of the drug notwithstanding that the testimony of the questionable "informant," upon which the government's case is based, reflects that two separate transactions were occasioned on the night

in question and that the possession, transfer, and sale as alleged could not have been a continuous transaction.

■ It is patently obvious that the prosecution was confronted with a potential agency defense with respect to the story of a second transaction involving a sale, and because of the vagaries of proof, the prosecution chose to charge the appellant with the total amount of the contraband in question even though the total obviously issued from two separate and distinct transactions. In this regard it is noted that the government introduced evidence of both transactions even though the appellant was charged only in the total amount and thus the prosecution was able to introduce evidence of misconduct not charged by means of this inherently duplicitous pleading. This is poor practice at best, and but for our setting aside of the findings and returning the record due to the errors of the trial judge, we would be disposed to return it with respect to the irregular methodology the government employed in charging the appellant and pursuing its convoluted theory of the case.[1]

In view of the errors contained in the record and the substantial prejudice to the rights of the appellant in failing to afford him a fair trial predicated upon a fair indictment, the findings and sentence are set aside, and the record is returned to the convening authority. A rehearing may be ordered.[2]

Judge MALLERY and Judge GREGORY concur.

---

1. We note that the chemist who conducted the analysis of the alleged contraband testified that the substances consisted of only one-half of the weight of the illegal drug and yet the appellant was charged with and convicted of the total amount allegedly obtained through the two separate transactions. This is a patent inconsistency which should have been properly instructed upon by the trial judge.

2. We note that the jurisdictional issue relating to the locus of the offenses was not raised at any point of the proceedings. The offenses

allegedly occurred in the city of Havelock, North Carolina, the civilian community, but in government quarters, which presents an interesting dichotomy of factual and legal issues under *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); and *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976) and related cases. Appropriate consideration is necessary in this area.