UNITED STATES

v.

Robert Carl JOHNSON, 183 42 7460, Seaman Apprentice (E–2), U. S. Navy.

NCM 76 2501.

U. S. Navy Court of Military Review.

13 April 1977.

LT Michael E. Blount, JAGC, USNR, Appellate Defense Counsel.

CAPT Charles P. Mackin, Jr., USMCR, Appellate Government Counsel.

Before NEWTON, DUNBAR and GLADIS, JJ.

GLADIS, Judge:

Appellant was convicted by a general court-martial, pursuant to his pleas, of unauthorized absence for a period of 32 months in violation of Article 86, UCMJ, 10 U.S.C. § 886, and sentenced to a bad conduct discharge, confinement at hard labor for 3 months, forfeiture of $240 per month for 3 months and reduction to pay grade E–1. The convening authority approved the sentence.

Appellant assigns the following errors:

I. THE MILITARY JUDGE ERRED TO THE PREJUDICE OF APPELLANT WHEN HE ACCEPTED APPELLANT'S PLEA OF GUILTY WITHOUT ADVISING HIM OF HIS RIGHT TO PLEAD THE STATUTE OF LIMITATIONS.

II. APPELLANT WAS PREJUDICED WHEN HIS CIVILIAN COUNSEL WAS DENIED THE OPPORTUNITY TO REVIEW AND COMMENT UPON THE STAFF JUDGE ADVOCATE's REVIEW. *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975); *United States v. Kolanda,* note 1, N.C.M. 76 1958 (decided 19 October 1976).

We find no prejudice and affirm.

I

■■■■ Appellant contends that the military judge had an affirmative duty to advise him that the statute of limitations had run. *See United States v. Rodgers,* 8 U.S.C.M.A. 226, 24 C.M.R. 36 (1957); Article 43, UCMJ. Appellant absented himself from his organization on 13 September 1973. A charge of desertion was sworn to on 20 March 1975 before the Director of the Enlisted Services and Records Division, Bureau of Naval Personnel, who was a Captain in the United States Navy, and was received for the officer exercising summary court-martial jurisdiction on 27 March 1975. Receipt of sworn charges by the officer exercising summary court-martial jurisdiction over the command tolls the statute of limitations. Article 43, UCMJ. In an ingenious argument appellant submits that the statute was not tolled because the charge upon which he was tried was not sworn to before an officer authorized to administer oaths for military justice purposes.

Article 30, UCMJ, requires that charges be signed by a person subject to the Code under oath before a commissioned officer of the armed forces authorized to administer oaths. *See also* MCM, 1969 (Rev.), para. 29*e.*

Article 136, UCMJ, provides:

(a) The following persons on active duty may administer oaths for the purposes of military administration, including military justice, and have the general powers of a notary public and of a consul of the United States, in the performance of all notarial acts to be executed by members of any of the armed forces, wherever they may be, . . .

(1) All judge advocates of the Army, Navy, Air Force, and the Marine Corps.

(2) All law specialists.

(3) All summary courts-martial.

(4) All adjutants, assistant adjutants, acting adjutants, and personnel adjutants.

(5) All commanding officers of the Navy, Marine Corps, and Coast Guard.

(6) All staff judge advocates and legal officers, and acting or assistant staff judge advocates and legal officers.

(7) All other persons designated by regulations of the armed forces or by statute.

(b) The following persons on active duty may administer oaths necessary in the performance of their duties:

(1) The president, military judge, trial counsel, and assistant trial counsel

for all general and special courts-martial.

(2) The president and the counsel for the court of any court of inquiry.

(3) All officers designated to take a deposition.

(4) All persons detailed to conduct an investigation.

(5) All recruiting officers.

(6) All other persons designated by regulations of the armed forces or by statute. . . .

Section 2502 of the *Manual of the Judge Advocate General* provides:

a. Federal authority to administer oaths.

(1) The following U.S. Armed Force members on active duty may administer oaths for purposes of military administration, including military justice (article 136, UCMJ; 10 U.S.C. 936):

(a) All judge advocates of the Army, Navy, Air Force, and Marine Corps.

(b) All law specialists (U.S. Coast Guard).

(c) All summary courts-martial.

(d) All adjutants, assistant adjutants, acting adjutants, and personnel adjutants.

(e) All commanding officers of the Navy, Marine Corps, and Coast Guard.

(f) All staff judge advocates and legal officers, and acting or assistant staff judge advocates and legal officers.

(g) All other persons designated by regulations of the Armed Forces or by statute.

(2) The following U.S. Armed Force members on active duty may administer oaths to any person when it is necessary in the performance of their duties (article 136, UCMJ; 10 U.S.C. 936):

(a) President, military judge, trial counsel, and assistant trial counsel for all general and special courts-martial.

(b) President and counsel for the court of any court of inquiry.

(c) All officers designated to take a deposition.

(d) All persons designated to conduct an investigation.

(e) All recruiting officers.

(f) All other persons designated by regulations of the Armed Forces or by statute.

(3) Pursuant to the authority under Article 136(a)(7) of the UCMJ to extend notarial powers by department regulations, the following officers of the Navy and the Marine Corps on active duty, including retired and reserve officers, are so authorized:

(a) Officers certified by the Judge Advocate General of the Navy under Article 26 or Article 27 of the UCMJ.

(b) Officers of the grade of lieutenant commander or major and above.

(c) Executive officers of the Navy and the Marine Corps.

(d) Administrative officers of Marine Corps aviation squadrons.

(4) Pursuant to the authority under Article 136(b)(6) of the UCMJ to extend notarial powers by departmental regulations, the following officers of the Navy and the Marine Corps on active duty, including retired and reserve officers, are so authorized:

(a) Officers designated as Casualty Assistance Calls Program Officers while so acting.

(5) Any U.S. Armed Force commissioned officer of any Regular or Reserve component, whether or not on active duty, may administer:

(a) Oath of enlistment (10 U.S.C. 501 and 1031).

(b) Oath required for appointment of any commissioned or warrant officer grade (10 U.S.C. 1031).

(c) Any other oath required by law in connection with enlistment or appointment of any person in any U.S. Armed Force (10 U.S.C. 1031).

b. *Legal effectiveness.* Oaths administered under these authorities are proper and legally effective for the purposes stated.

Appellant cites our decision in *United States v. Molina*, No. 76 2320 (N.C.M.R. 1 February 1977), in support of the contention that the charge was not properly sworn to in this case. The principal opinion in *Molina* conceded error for purposes of argument, but testing for prejudice found none. To the extent that the language of the principal opinion in that case may be construed to support appellant's conclusion, we decline to follow that opinion.

Appellant interprets JAGMAN sec. 2502 to restrict the powers conferred in section 2502a(3) to the administration of oaths for legal assistance or other limited purposes. Plain language does not require interpretation. Finding no such restriction in the plain language of the regulation, we reject the contention that JAGMAN sec. 2502a(3) which confers general notarial powers upon officers of the grade of lieutenant commander and above does not authorize them to administer oaths for purposes of military justice. The plain language of the regulation demonstrates the intent to convey the full notarial powers authorized by Article 136(a), UCMJ, pursuant to the delegation of authority in Article 136(a)(7). We conclude that a commissioned officer of the Armed Forces upon whom general notarial powers have been conferred by regulation pursuant to Article 136(a)(7), UCMJ, is an officer authorized to administer oaths within the meaning of Article 30, UCMJ, and may properly administer the oath to an accuser preferring charges. The charge having been properly sworn to in this case, its timely receipt tolled the statute of limitations. The first assignment of error lacks merit.

## II

Appellant complains that the mandate of *United States v. Goode, supra,* has been violated because his civilian defense counsel was denied the opportunity to review and comment upon the staff judge advocate's review. In a letter to appellate defense counsel dated 12 November 1976, civilian defense counsel stated that he was denied the right to review the record of trial and the right to have a copy of the staff judge advocate's review. We find that, although the record was not mailed to civilian counsel as he had requested, he was afforded an opportunity to examine the record but did not do so. Government Reply to Assignments of Error, Attachment. The record of trial was authenticated on 13 October 1976 and examined by detailed military defense counsel on 15 October 1976. A copy was delivered to appellant on 19 October 1976. The staff judge advocate's review was signed on 11 November 1976 and a copy furnished to detailed defense counsel on that date in an effort to comply with the requirement of *United States v. Goode, supra,* that counsel be served with a copy with an opportunity to correct or challenge any matter he deems erroneous, inadequate, or misleading, or on which he otherwise wishes to comment. Detailed defense counsel submitted a response on 15 November 1976. The convening authority took his action on 16 November 1976.

Appropriate standards for compliance with the *Goode* mandate are contained in the following language from *United States v. Kolanda, supra.*

> We caution the intermediate authorities to fully observe, however, the letter and spirit of the mandates of *United States v. Goode,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), as set down by the United States Court of Military Appeals. Of necessity we would look with disfavor on any procedure that attempts to circumvent the service of the staff judge advocate's review on individual counsel of record by means of service on detailed defense counsel when individual counsel has explicitly asked that service be made on him and has clearly advised that he intends to respond personally pursuant to *Goode, supra,* and has not authorized the detailed counsel to waive any of the appellant's rights under *Goode.* We assume that professional courtesy will be observed at all levels of judicial proceedings. [Cf. *United States v. Tavolilla,* 17 U.S.C.M.A. 395, 38 C.M.R. 193 (1968) at C.M.R. 197].

We note that in this case, on the day after the review was completed and served on detailed counsel, civilian counsel complained in a letter to appellate defense counsel that he had been denied the right to have a copy. However, although civilian counsel had expressed the desire to review the record of trial, he did not avail himself of the opportunity to do so. We do not find that he requested a copy of the staff judge advocate's review from either the staff judge advocate, detailed counsel, or any other individual. Civilian counsel was not communicating with detailed counsel because of the former's belief that their conversations would not be treated as privileged. His belief is not a reasonable basis for his apparent failure to advise the staff judge advocate and the detailed counsel that he desired a copy of the review, that he wished to respond personally and, if that was the case, had not authorized detailed counsel's reply. We cannot say that service of the staff judge advocate's review upon detailed military counsel, who was acting as associate defense counsel, vice civilian counsel, was unreasonable in the absence of notification by either to the contrary. *See* MCM, 1969 (Rev.), para. 48*a*.

We discern no attempt to circumvent the *Goode* mandate in this case and find no error. If the failure to serve a copy of the staff judge advocate's review on civilian counsel was erroneous, the error would have to be tested for prejudice. Appellate defense counsel has identified no significant error in the review that was not addressed by detailed counsel in his reply. Our scrutiny reveals none. In the absence of a deliberate attempt to circumvent the *Goode* mandate or of error in the review, no interest would be served and a timely and expeditious end to litigation would be impeded by return of the record and review for consideration and possible reply by civilian counsel. *See United States v. Schooler,* No. 75 1794, 1 M.J. 674 (N.C.M.R. *en banc,* 14 October 1975), *pet. den.,* No. 31,467 (U.S.C.M.A. 18 February 1976). Appellant has suffered no prejudice. The assignment of error lacks merit.

The findings of guilty and sentence as approved on review below are affirmed.

Senior Judge NEWTON and Judge DUNBAR concur.