UNITED STATES, Appellee,

v.

Private (E–2) Jerry W. MOBLEY, SSN 088–50–5814, United States Army, Appellant.

CM 435468.

U. S. Army Court of Military Review.

26 July 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Demmon F. Canner, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Larry C. Schafer, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain Lee D. Schinasi, JAGC, and Captain Russell S. Estey, JAGC, were on the pleadings for appellee.

Before CARNE, MITCHELL and MOUNTS, Appellate Military Judges.

## OPINION OF THE COURT

CARNE, Senior Judge:

█ Appellant alleges that the guilty plea in this case is improvident because the military judge's inquiry failed to comply completely with the requirements announced by the United States Court of Military Appeals in the decision of *United States v. Green*, 1 M.J. 453 (1976). An affidavit has been secured from the accused's counsel and it reflects that the counsel fully explained to the accused prior to his plea of guilty each condition thereof including each item of the sentence limitation and assured himself that the accused completely understood each condition and provision of the sentence limitation.

In addition to assuring ourselves of compliance with this specific requirement of *Green*, this Court has held in the case of *United States v. Crowley*, 3 M.J. 988 (En Banc A.C.M.R.1977), that substantial compliance with the other guidelines is sufficient. We require a sufficiently high level of compliance with the other guidelines set out in the *Green* case, so that we can assure ourselves from the record by direct response or justifiable inference that all the other required inquiries have been satisfactorily covered and answered. Having reviewed this record under these criteria, we find substantial compliance with the *Green* guidelines and find that the plea of guilty was provident.

It is also alleged that the staff judge advocate abused his discretion by including matters in the post-trial review which improperly referred to the trial defense counsel's ethics. During the presentencing argument the trial defense counsel, without having presented any prior evidence, alluded to the fact that appellant had begun restitution for the offenses. The staff judge advocate in his review, although avoiding a positive label of error, took the

defense counsel to task and concluded that his act was an unintentional deviation from The Canons of Professional Ethics rather than an intentional violation of the ethical code. Thereafter the review was served on the trial defense counsel for his rebuttal pursuant to the mandate of the United States Court of Military Appeals in *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975). The counsel requested that the paragraph be deleted but the staff judge advocate refused, opining that the counsel's comments in closing argument were irregular and that the paragraph would be retained in the review. At the request of the defense counsel all the written comments on this matter were included with the record of trial.

█ Although it is generally recognized as improper for counsel in closing argument to discuss facts not in evidence or to state as facts matters which are not in evidence,[1] this rule is applicable to the findings segment of the trial before a jury. The instant case was before a military judge alone, and the statement was made during the presentencing procedures. Paragraph 75c, Manual for Courts-Martial, United States, 1969 (Revised edition), authorizes the military judge to employ relaxed rules during this phase of the trial and had the counsel elected, he could quite properly have presented the statement through the accused or by his own testimony on the accused's behalf, immediately prior to the argument. Additionally, it is noted that prior to making the statement during the argument, the counsel requested permission of the military judge and since no objection was noted, permission can be inferred.[2] Under the facts we find no improper conduct by the defense counsel. We, therefore, conclude that the staff judge advocate erred by inferentially labelling the counsel as unethical. However, we find no prejudice to the accused particularly in view of the relatively light sentence fixed

---

1. Section 523, Wharton's Criminal Procedure 12th Ed., p. 453–454.

2. The sentence immediately preceding the statement of restitution reads "The accused

would further submit, if Your Honor would permit myself, essentially, to make a statement on his behalf, at this time." (R. 54).

by the pretrial agreement,[3] the nature of the accused's offenses (23 specifications of making worthless checks with intent to defraud), and his poor overall military record.

The Court, having found the approved findings of guilty and sentence correct in law and fact and having determined, on the basis of the entire record, that they should be approved, such findings of guilty and the sentence are AFFIRMED.

Judge MOUNTS concurs.

Judge MITCHELL absent.

---

**3.** The pretrial agreement provided that the convening authority would not approve a sentence in excess of a bad-conduct discharge, forfeiture of all pay and allowances for six months, confinement at hard labor for six months, and reduction to Private (E–1).