**UNITED STATES**

v.

**Joseph R. D'AIELLO, 110 52 4813, Private First Class (E-2) U. S. Marine Corps.**

**NCM 77 1840.**

U. S. Navy Court of Military Review.

Sentence Adjudged 3 June 1977.

Decided 30 March 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

LCDR Paul B. Thompson, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

GREGORY, Judge:

This case is before us for a second time. Previously, we found that appellant had not been given an opportunity to rebut certain adverse matters which had been relied upon by the convening authority in his determination that appellant had violated the terms of the "misconduct provision" in the pre-trial agreement and that the sentence should be approved as adjudged. We therefore set aside the convening authority and supervisory authority actions and returned the record of trial for new actions. *United States v. D'Aiello,* 5 M.J. 687 (N.C.M.R. 1978).

New actions have now been taken by the convening authority and supervisory authority, again approving the sentence as adjudged, and the record of trial has been returned for completion of our review. Appellant alleges on appeal that:

I. THE CONVENING AUTHORITY IMPROPERLY RESCINDED THE

SENTENCE LIMITATION PROVISION OF THE PRETRIAL AGREEMENT BECAUSE THE EVIDENCE OF APPELLANT'S ALLEGED MISCONDUCT WAS NOT DOCUMENTED BY OFFICIAL RECORDS.

II. THE GOVERNMENT HAS NOT COMPLIED WITH THE MANDATE OF *UNITED STATES V. GOODE,* 1 M.J. 3 (C.M.A.1975).

We do not concur in the assignments of error, and we affirm.

## I

The pretrial agreement in this case contained a provision as follows:

And it is further understood that any act of misconduct amounting to a violation of the Uniform Code of Military Justice, committed by me after my trial and before the date of the Convening Authority's Action will cause the sentencing portion of this pretrial agreement to be null and void. Should such misconduct occur *and be evidenced by official records of misconduct,* the Convening Authority will be free to approve any and all portions of the sentence adjudged by the court. [Emphasis supplied].

In deciding that the terms of the pretrial agreement had been violated, the convening authority relied on evidence of infractions of confinement regulations allegedly committed by appellant. This evidence was set forth on Disciplinary Reports (NAVPERS 1640/9). Appellant argues that these reports do not meet the description of "official records" and, therefore, should not have been used to activate the "misconduct provision."

We are not certain of the precise intendment of the term "official records" as used in the pretrial agreement. However, even according it the status set *forth in* paragraph 144*b, Manual for Courts-Martial, United States, 1969* (Revised edition), we believe the Disciplinary Reports relied upon in this case would clearly meet the necessary and desired criteria. Paragraph 144*b* defines an official record as:

A writing made as a record of a fact or event . . . if it was made by any person within the scope of his official duties and those duties included a duty to know, or to ascertain through appropriate and trustworthy channels of information, the truth of the fact or event, and to record such fact or event.

This same paragraph of the *Manual* goes on to cite "guard reports" as an example of such records. The Disciplinary Reports in this case were prepared by guard personnel at the Joint Services Correctional Facility concerning facts and events they had witnessed and were recorded on official forms as part of their duties.

■ We conclude that the Disciplinary Reports relied upon by the Convening Authority qualified as "official records of misconduct."

## II

Appellant also argues that there has not been compliance with *United States v. Goode,* 1 M.J. 3 (C.M.A.1975). The record of trial indicates that a copy of the staff judge advocate's supplemental review, prepared prior to the supervisory authority taking his new action, was not served on counsel for the accused for his comments. Under the circumstances of this case, we do not believe it was necessary that counsel be afforded an opportunity to submit further comments.

The original staff judge advocate's review was prepared in August 1977. This review detailed the circumstances which prompted the convening authority to approve the sentence as adjudged. A copy of this review was served on counsel for the accused, and a lengthy *Goode* reply was submitted which rebutted the allegations of misconduct in confinement by the accused. The staff judge advocate then provided additional comments for the supervisory authority further discussing the reasons underlying the action of the convening authority.

By the time that the record of trial was returned for new convening and supervi-

sory authority actions, appellant was on indefinite "appellate leave" awaiting completion of review of his case. He sought and received assistance from an Army Judge Advocate at Fort Indiantown Gap, Annville, Pennsylvania, who submitted an additional rebuttal on appellant's behalf. This additional rebuttal, as well as that submitted previously by appellant's trial defense counsel, were considered by the convening authority prior to his new action of 1 December 1978.

The record of trial was then forwarded to the supervisory authority who took his new action on 6 December 1978. Prior to the supervisory authority taking his action, a supplemental review by the staff judge advocate was provided. This supplemental review merely described the matters which had resulted in the record of trial being returned, adopted the opinions and recommendations of the original staff judge advocate's review, and recommended that those recommendations be followed. This supplemental review also advised the supervisory authority that in taking his action he must take into consideration the record of trial, the original staff judge advocate's review, the comments submitted by trial defense counsel in response to that review, the additional comments then submitted by the staff judge advocate, and now the additional rebuttal submitted by the appellant and his new Army counsel.

The supplemental review of the staff judge advocate prepared on the occasion of the new supervisory authority's action introduced no new matters. It only incorporated the matters contained in the original staff judge advocate's review, to which there had already been a lengthy *Goode* response. We recognize that had new matters been introduced in the supplemental review there would have been a requirement that appellant and his counsel be afforded an opportunity to submit new comments. *Cf. United States v. Brunelle*, 5 M.J. 424 (C.M.A.1978). In this case, however, we find nothing to be gained and no requirement for additional comments concerning matters for which appellant and his

counsel had already submitted two rebuttals. Since counsel for appellant had previously forwarded comments concerning the matters being relied upon by the supervisory authority, the requirements of *United States v. Goode, supra,* have been met.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.