**UNITED STATES, Appellee,**

v.

**Edward J. MARCOUX, Private, U. S. Army, Appellant.**

No. 34,454.

CM 435175.

U. S. Court of Military Appeals.

Jan. 7, 1980.

For Appellant: *Captain John M. Zoscak, Jr.* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Benjamin A. Sims, Major Lawrence D. Galehouse* (on brief).

For Appellee: *Captain Dennis S. Cameron* (argued); *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Major Robert B. Williams* (on brief).

### OPINION

COOK, Judge:

In 1976, on accused's pleas of guilty, a general court-martial convicted him of pos-

session and sale of a prohibited substance. Thereafter, this Court reversed the decision of the Court of Military Review and set side the action of the convening authority because he had acted upon an unauthenticated record of trial. 3 M.J. 486 (C.M.A.1977).

As authorized by our mandate, the record of trial was referred to a different commander for the post-conviction review. The findings of guilty and the sentence were approved by the new reviewing authority, and, in due course affirmed by the United States Army Court of Military Review. We then granted review to consider whether the lawyer who had been served with, and responded to, the post-trial review of the staff judge advocate had authority to represent the accused. *See United States v. Iverson,* 5 M.J. 440 (C.M.A.1978).

The lawyer who acted for the accused during the second post-conviction proceeding was not the same attorney who represented him at trial. Before oral argument, the Government moved for, and we granted, permission to file an affidavit from substitute counsel as to the circumstances of his representation of the accused. The affidavit indicates that counsel was detailed to represent the accused, and before the time prescribed for his response to the staff judge advocate's advice, as provided by *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975), he conferred with the accused "regarding the case." The accused has not denied these representations of fact. In a document titled, "Response to Post-trial Review," counsel noted that the accused was acting "through" him as "appointed counsel." That document presented several objections to the staff judge advocate's review, including one challenging the staff judge advocate's representation and recommendation to the new convening authority that the record of trial established that accused's pleas of guilty were provident. The document was signed by counsel as "Defense Counsel." On this record I am impelled to conclude that substitute counsel

properly represented the accused, in compliance with the rules propounded in *United States v. Iverson, supra,* and *United States v. Goode, supra.*

The decision of the United States Army Court of Military Review is affirmed.

FLETCHER, Chief Judge (concurring in the result):

I would simply point out that both appellate counsel in this case concede that the original defense counsel, Captain Parente, is no longer available for proper service of these post-trial review matters.