**UNITED STATES**

v.

**Airman Jessie J. DAWKINS, Jr., FR 399–64–3682 United States Air Force.**

**ACM 22529 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 10 Feb. 1979.

Decided 31 Dec. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before ARROWOOD, KASTL and MAHONEY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

ARROWOOD, Senior Judge:

We have examined the record of trial, the assignment of error and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error materially preju-

---

\* Record of trial was returned to convening authority by Order dated 2 October 1979 for compliance with *United States v. Goode*, 1 M.J. 3

dicial to the substantial rights of the accused was committed.\*

After reviewing the accused's medical records, the report of the psychiatric board and the Article 32 investigation, a civilian psychiatrist in a letter to defense counsel stated that there was a possibility of a psychiatric disturbance, but he needed a face to face interview with accused before he could express an exact opinion. The judge recessed the trial and directed that invitational travel orders be tendered to the doctor so that he might travel to the overseas area to examine the accused, but the doctor did not accept the offer or examine the accused. Based on the information provided in the letter, we find the trial judge did not abuse his discretion by ruling that the psychiatrist was not a material witness and refusing to provide expert witness fees for him. *United States v. Tangpuz*, 5 M.J. 426 (C.M.A.1978); *United States v. Banghart*, 48 C.M.R. 982 (A.F.C.M.R.1974).

Accordingly, the findings of guilty and sentence as approved by the convening authority are

AFFIRMED.

KASTL, Judge, concurs.

MAHONEY, Judge, not participating.

(C.M.A.1975) and is now before this Court for further review.