UNITED STATES, Appellee,

v.

Private (E-1) Michael T. PEARSON, SSN
335–54–1810, United States
Army, Appellant.

CM 442854.

U. S. Army Court of Military Review.

25 March 1983.

Colonel William G. Eckhardt, JAGC,
Lieutenant Colonel R. Rex Brookshire II,
JAGC, Captain David M. England, JAGC,
Captain Warren G. Foote, JAGC, and Captain Richard W. Vitaris, JAGC, were on the
pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant
Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, and Captain
Richard J. Fadgen, JAGC, were on the
pleadings for appellee.

Before HANSEN, MILLER and BADAMI, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Two issues are presented in this appeal:
first, whether trial defense counsel was improperly denied an extension of time in

which to file a *Goode*[1] response to the post-trial review; and second, whether the appellant's plea of guilty to the offense of wrongful sale of Government property was improvident in view of his claim that he was unaware that the property belonged to the United States Government. Under the facts of this case, we find no error and affirm.

Appellant was convicted, pursuant to his pleas, of wrongfully selling military property and larceny and contrary to his pleas, of another specification of larceny. He was sentenced by the military judge to a dishonorable discharge, confinement at hard labor for 30 months, total forfeitures, and reduction to Private E–1. In his post-trial review the staff judge advocate recommended that the larceny specification to which appellant pleaded not guilty be disapproved and that the confinement portion of the sentence be reduced to 26 months and otherwise approved. That recommendation was adopted by the convening authority in his action dated 6 August 1982.

I

■ The record of trial and post-trial review were delivered to trial defense counsel's office on 27 July, but they were not received until counsel returned from another military installation on 30 July. Three days later, on 2 August, trial defense counsel requested a delay until 9 August in order to prepare a *Goode* response. The bases of his request were "the complicated legal issues involved. . . ." and other scheduled activities including an Article 32, Uniform Code of Military Justice, investigation, a court-martial, and general counseling duties. Trial defense counsel planned to prepare the *Goode* response on the weekend of 7–8 August. The request was denied.

From the time he actually received the record and post-trial review until action by the convening authority, trial defense counsel had at least seven days in which to prepare his response. Thus, it seems he had adequate time to read and respond to a seven page post-trial review and a 55 page record of trial. In fact, had trial defense counsel bothered to read the post-trial review, he might have discovered that one of his concerns about the trial—conviction of the appellant on a charge of larceny where the only evidence was a stipulation of expected testimony—had been resolved favorably to his client. Trial defense counsel's only other expressed concern, the providency of appellant's guilty pleas, was not, in our opinion, such a "complicated legal issue" that it could not have been handled within the time available.

While we conclude the convening authority did not abuse his discretion in refusing to grant trial defense counsel's request for delay in the submission of a *Goode* response, in the interest of fairness, we suggest to staff judge advocates that, in the absence of compelling reasons to the contrary, reasonable requests for extension of time to file *Goode* responses should be routinely granted. The refusal of appellant's request for delay, rather than saving time in the final completion of his case, has in fact wasted considerable time by needlessly raising an issue on appeal and prolonging appellate review.

II

■ The appellant pled guilty to Charge II and its specification alleging the wrongful sale of Government property. The property consisted of two "Shure" speakers. Appellant, during his providence inquiry, claimed that at the time he took the speakers from behind the barracks he did not know to whom the speakers belonged. The appellant's lack of knowledge raises the possibility of an affirmative defense of lack of knowledge. Because the offense of wrongfully selling military property is a general intent crime, the defense of lack of knowledge must be both honest and reasonable. *United States v. Germak,* 31 C.M.R. 708 (A.F.B.R.1962); *United States v. Woodfork,* 22 C.M.R. 531 (A.B.R.1956).

■ Accepting the appellant's claim at face value, as we must, we nevertheless

1. *United States v. Goode,* 1 M.J. 3 (C.M.A. 1975).

conclude that the appellant's ignorance, even if honest, was not reasonable. Therefore, the defense does not lie. In a searching inquiry by the military judge into the possibility of such a defense, the appellant admitted that at the time he took the speakers, he assumed they belonged to someone and that he took the property intending to sell or pawn it. The appellant sold the speakers for $10.00. After he got the first $5.00 from the soldier to whom he sold the speakers, and before receiving the other $5.00, the appellant learned the speakers belonged to the Government. The appellant did not tell the purchaser about this. The appellant further acknowledged that he was aware of the possible defense of lack of knowledge and had discussed it with his counsel and that he did not raise it because he was convinced in his own mind that he was guilty and had wrongfully sold the property. We find no error in the military judge's acceptance of the guilty plea.[2] *United States v. Foster,* 14 M.J. 246 (C.M.A. 1982).

The findings of guilty and the sentence, as approved by the convening authority, are affirmed.

**UNITED STATES, Appellee,**

---

**2.** The military judge is to be commended for his alertness in recognizing the possibility of such a defense and in conducting a thorough inquiry on the record to establish the accused's awareness of the defense and resolve the issue.