**UNITED STATES, Appellee,**

v.

**Specialist Five Joseph W. RYAN, SSN 489–72–3440, United States Army, Appellant.**

**CM 444776.**

U.S. Army Court of Military Review.

6 Sept. 1984.

Lieutenant Colonel Paul J. Luedtke, JAGC, and Captain Barry Rothman, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Joseph A. Rehyansky, JAGC, and Captain Kurt J. Fischer, JAGC, were on the pleadings for appellee.

Before MARDEN, PAULEY and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

MARDEN, Senior Judge:

Appellant was convicted, in accordance with his pleas, of conspiracy to distribute, attempted possession with intent to distribute, and distribution of hashish, in violation of Articles 80, 81 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881 and 934.

Trial defense counsel requested and received a delay "until 15 Sep 83" in order to file a *Goode* rebuttal. *United States v.* *Goode,* 1 M.J. 3 (C.M.A.1975). At approximately 0700 hours, 15 September 1983, the acting staff judge advocate went to the convening authority who then took final action in this case. It further appears that the office administrator, Warrant Officer G, was aware that the rebuttal was in the mail and had indicated the case would not be presented for final action until it arrived (App.Ex. B). Appellant now claims the convening authority erred by taking action prior to receiving such rebuttal.

In the absence of stating a definite time, the case should not have been presented to the convening authority prior to the close of business on the 15th of September. Any ambiguity of this type necessarily must be construed in favor of the accused since time limits in such cases are to be strictly construed. (*See United States v. Mercier,* 5 M.J. 866 (A.F.C.M.R. 1978) where a rebuttal a few hours late was deemed to be not timely). We would suggest that in the future, extensions should be made with sufficient specificity to preclude misunderstandings of this kind.

Finding error, we must assess whether appellant was prejudiced by the lack of opportunity to have the convening authority consider his counsel's response. Fortunately, we have the response before us and can thus consider whether the matters raised are either relatively unimportant or could not have had any significant impact on the convening authority's decision to approve the findings and sentence. *United States v. Kincheloe,* 14 M.J. 40 (C.M.A.1982). Under the facts of this case we are certain the rebuttal would not have affected the convening authority's decision in appellant's case.

We note that the record of trial and post-trial review indicate, in relation to the Specification of Charge I, that the appellant conspired with Staff Sergeants (SSG) Stone *and* Warren to distribute hashish (R. 8; para. 2c of the post-trial review). We find this to be error and that appellant conspired *only* with SSG Stone. The promulgating order, the copy of the charges

and specifications given to the members, and paragraph 2 of defense counsel's rebuttal are convincing evidence of this fact.[1] Under the circumstances we find the error to be harmless.

We have considered the remaining issues personally raised by appellant and those issues briefed by his counsel and found them to be without merit. *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982).

Accordingly, the findings of guilty and the sentence are affirmed.

Judge PAULEY and Judge WERNER concur.

---

1. Additionally, we note the numerous errors both corrected and uncorrected in the record of trial (e.g., the description of Charge II, as pled to, an attempt, as "a violation of the Uniform Code of Military Justice, Article 8.", line 25, R. 36).