UNITED STATES, Appellee,

v.

Mark H. VITH, Senior Airman,
U.S. Air Force, Appellant.

No. 66,844.
ACM 28808.

U.S. Court of Military Appeals.

Argued Feb. 10, 1992.

Decided June 17, 1992.

For Appellant: *Major Alice M. Kott-myer* (argued); *Colonel Jeffrey R. Owens* (on brief); *Major George P. Clark.*

For Appellee: *Major Paul H. Blackwell, Jr.* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

*Opinion of the Court*

CRAWFORD, Judge:

Appellant was tried at Travis Air Force Base, California, by a general court-martial military judge sitting alone and was found guilty of wrongful distribution[1] and use[2] of marijuana and wrongful use of methamphetamines[3] under Article 112a of the Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 8 months, partial forfeiture of pay, and reduction to the lowest enlisted grade, which the convening authority approved, after making minor modifications of the findings. The Court of Military Review affirmed the approved findings and sentence in an unpublished opinion dated February 8, 1991.

We granted appellant's petition to review this issue:

WHETHER THE CONVENING AUTHORITY WAS DISQUALIFIED FROM TAKING ACTION ON THE FINDINGS

---

1. Pursuant to conditional pleas of guilty.

2. Contrary to his pleas.

3. Pursuant to conditional pleas of guilty.

AND SENTENCE BECAUSE HE HAD LOST THE ABILITY TO IMPARTIALLY CONSIDER THE FACTS AND CIRCUMSTANCES OF APPELLANT'S CASE AFTER HE WAS EXPOSED TO APPELLANT'S IMMUNIZED TESTIMONY IN A COMPANION CASE.

The following facts are pertinent to the granted issue. Appellant was one of several airmen who smoked marijuana and methamphetamines in a barracks room on July 16, 1989. Among the participants was Senior Airman Cousins. In January 1990, Senior Airman Cousins was tried by general court-martial; the trial counsel in Cousins' case requested immunity be granted Vith so that he might testify against Cousins. The same convening authority who eventually took action on Vith's case granted the immunity, and Vith testified against Cousins, resulting in Cousins' conviction.

The problem at issue arose when Vith, in response to the staff judge advocate's recommendation, submitted a petition for clemency to the convening authority requesting his confinement be reduced. In a letter, appellant stated that he "made a 'controlled buy' of drugs for the Vacaville police and the OSI [ (Office of Special Investigations) ], resulting in a successful seizure of over 4 pounds of marijuana, methamphetamines and cocaine." Appellant further stated that "[t]he OSI ... agreed ... that [he] would never be publicly linked to the 'controlled buy.'" Appellant complained that his grant of immunity in the case against Cousins required him "to go into detail about the controlled buy, thereby making it public knowledge" that appellant was the one who led the police to Cousins' girlfriend, Sherry, and thus to the main drug dealer; and that as a result appellant "received 2 death threats" and was fearful for his life.

In response, the staff judge advocate attached three pages of the record of trial in the Cousins' case to an addendum to his recommendation and advised the convening authority as follows:

In clemency, the accused requests a month off of his sentence to confinement so that he can be home for Thanksgiving. In support of his request, he again offers that he assisted the local police in making a "controlled buy" from a civilian and suggests that the prosecutor "blew his cover" concerning this controlled buy at the trial of *U.S. v. Cousins*, and that he will now have to look over his shoulder for the rest of his life. I reviewed the *Cousins'* record of trial and note that on [the first attached page of the *Cousins'* record of trial] the accused was asked about making a controlled buy from "Sherry," who was Cousins' girlfriend at the time. However, no other names were mentioned. Sherry ... had earlier indicated on the record that she had been to civilian court over drugs and was in a diversion program as a result [from second attached page of the *Cousins'* record of trial]. She also admitted selling drugs to the accused [on the third attached page of the *Cousins'* record of trial]. Since "Sherry" knew who bought drugs from her and was charged in a civilian court for the drug offenses, I fail to see how the accused placed himself in any more danger by this disclosure at trial.

The first attached page is from appellant's immunized testimony at the Cousins' trial where he states, in about four sentences, that he participated in a "controlled buy of drugs from Sherry." The second attached page is from Sherry's testimony at the Cousins' trial that she had been convicted by a civilian court for possession of drugs. The third attached page is from Sherry's testimony at the Cousins' trial indicating she sold both methamphetamines and "weed" to appellant but less frequently than the sixteen to eighteen times testified to by appellant at that trial.

Turning to the granted issue, we note that the Fifth Amendment provides that "[n]o person ... shall be compelled in any criminal case to be a witness against himself." The Supreme Court has held that *"any criminal trial use* against a defen-

dant of [an] *involuntary* statement is a denial of due process of law," *Mincey v. Arizona,* 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290 (1978)(some emphasis added), and more specifically that "[t]estimony given in response to a grant of legislative immunity is the essence of coerced testimony" and is inadmissible for any *criminal trial purpose,* including impeachment. *New Jersey v. Portash,* 440 U.S 450, 459, 99 S.Ct. 1292, 1297, 59 L.Ed.2d 501 (1979).

Hence, the first attached page, consisting of testimony compelled from appellant by a grant of immunity, would be inadmissible against him for any criminal trial purposes. The second and third attached pages, consisting arguably of testimony derived from appellant's compelled testimony, would also apparently be inadmissible against him for the same purposes.

In light of *Portash,* we must first determine whether the use of immunized or derivative testimony to refute a claim in a clemency petition that the terms of the immunity agreement were breached constitutes a use of that testimony for criminal trial purposes.

■ We hold that the Fifth Amendment does not shield a person from a *legitimate response* to his adverse allegation concerning the *immunity process* or the *terms of the immunity grant* because these matters are collateral to a criminal trial.[4] Hence, use of immunized testimony in such a dispute does not constitute use for criminal trial purposes. Appellant claims that the staff judge advocate did not attach the three pages of testimony to refute appellant's allegation concerning his grant of immunity, but rather to improperly provide the convening authority with evidence that appellant had participated in numerous drug buys.

■ Appellant's letter requesting clemency squarely raises the issue whether the

trial counsel "blew his cover" at Cousins' trial by questioning him concerning the controlled buy. The staff judge advocate addressed appellant's allegation by attaching the page of the record of trial where appellant testified about the controlled buy and two pages of Sherry's testimony to demonstrate that appellant was in no greater danger by his testimony because Sherry already knew who bought drugs from her and had already been charged in a civilian court for drug offenses.

The third page of Sherry's testimony is problematic. This page is the only evidence before the convening authority which establishes that appellant approached Sherry to purchase drugs on more than one occasion. This evidence appears to go beyond merely rebutting the allegation that testimony about one controlled purchase by itself disclosed appellant's identity. We do not need to decide whether this page was properly before the convening authority because we hold the error, if any, to be harmless; we find no evidence that the staff judge advocate attached the three pages of the record of trial for any reason but to rebut appellant's assertions in his clemency petition that the terms of his grant of immunity were breached.

■ The question remains whether the convening authority lost his impartiality by being exposed to the three pages of testimony and was therefore disqualified from taking action. *See United States v. Newman,* 14 MJ 474, 479–82 (CMA 1983).

Appellant argues that one of the pages of Sherry's testimony improperly shows his involvement in numerous drug transactions. Since this is information that the convening authority would not have otherwise known, appellant urges that by having it, the convening authority became partial.

"[T]he key inquiry" as to the disqualification of the convening authority who grants immunity "is whether his actions

---

**4.** Notwithstanding the suggestion of Judge GIERKE, we do not hold that the convening authority's action is not a part of the criminal trial process. Here, we affirm the limited use

of appellant's immunized testimony because of the *nature of the dispute,* not because of the *stage* of its use.

... create ... a risk that he will be unable to ... objectively and impartially" weigh "all the evidence in the record of trial...." *United States v. Newman*, 14 MJ at 482. In this case, the convening authority had no personal interest in the case, and there was no appearance of vindictiveness. The convening authority was merely called upon to review the facts brought out at an adversary hearing to determine if the clemency document submitted by appellant was accurate. This action falls within the duties of a convening authority and would not be disqualifying.

The decision of the United States Air Force Court of Military Review is affirmed.

Judges COX and WISS concur.

SULLIVAN, Chief Judge (concurring in the result):

The Supreme Court has held that the principles of *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), do not apply to use of immunized testimony. *See New Jersey v. Portash*, 440 U.S. 450, 458–59, 99 S.Ct. 1292, 1296–97, 59 L.Ed.2d 501 (1979). In the latter case, immunized grand-jury testimony was used as a basis for impeachment of the immunized witness in his later criminal trial for the same offense about which he had earlier testified before the grand jury. I, like the majority, am thus reluctant to permit immunized testimony of an airman at another servicemember's court-martial to be used against the immunized witness in his own court-martial for related offenses even if it is only used to respond to the immunized airman's post-trial clemency statements to a convening authority. *Cf. United States v. Apfelbaum*, 445 U.S. 115, 125–26, 100 S.Ct. 948, 954, 63 L.Ed.2d 250 (1980).

Nevertheless, in this case, appellant in his post-trial clemency statement asserted that his "controlled buy" agreement with OSI was violated by trial counsel's questions at the earlier court-martial where he received immunity. Appellant had no right

to prevent the convening authority from considering the prosecution's questions at that trial, especially since he himself asserted that this conduct by trial counsel was the basis for clemency. *See generally Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); *see also Buchanan v. Kentucky*, 483 U.S. 402, 423–24, 107 S.Ct. 2906, 2918, 97 L.Ed.2d 336 (1987). The inclusion of appellant's immunized responses to these questions to resolve appellant's post-trial claim was error. However, appellant's responses actually support his post-trial complaint that trial counsel in the earlier case breached his "controlled buy" agreement with OSI. Thus error in again* exposing the convening authority to this testimony was clearly harmless beyond a reasonable doubt.

GIERKE, Judge (concurring in the result):

I disagree with the majority's holding that appellant's Fifth Amendment rights were not violated by using his immunized testimony to rebut his post-trial submission to the convening authority. *See New Jersey v. Portash*, 440 U.S. 450, 99 S.Ct. 1292, 59 L.Ed.2d 501 (1979) (testimony given under grant of immunity may not be used for impeachment in later criminal trial). A court-martial sentence is inchoate until approved by the convening authority. *United States v. Goode*, 1 MJ 3, 5 (CMA 1975). In determining what sentence he should approve, a convening authority may not consider statements made by an appellant in violation of his rights against self-incrimination. *See United States v. Hill*, 4 MJ 33 (CMA 1977)(staff judge advocate may not incorporate interview with accused as part of post-trial review unless accused was warned of Article 31 rights). I disagree with the majority's holding that appellant's testimony was not used for "criminal trial purposes." While a dispute about "the terms of [an] immunity grant" arguably might be "collateral to a criminal trial," 34

* As pointed out by the Court of Military Review, this convening authority was the same convening authority who reviewed the case in which

appellant gave immunized testimony. Unpub. op. at 1–2.

MJ at 279, in another context, the staff judge advocate in this case used appellant's testimony against him during a critical phase of the sentencing process.

I believe that appellant's Fifth Amendment rights were violated; however, after reviewing the record of appellant's testimony at Cousins' trial, which was appended to the staff judge advocate's recommendation, I am satisfied that the violation of appellant's rights was harmless in this case. Accordingly, I concur in the result.