## UNITED STATES

v.

**Joseph Robert WALSH, Jr., 380 48 3543, Yeoman Third Class (E–4), U. S. Navy.**

**NMCM 80 2200.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 18 Jan. 1980.

Decided 17 July 1981.

CAPT S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and SANDERS and BOHLEN, JJ.

BOHLEN, Judge:

Appellant, tried by special court-martial, military judge alone, on 18 January 1980, for violations of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 886, alleging unauthorized absences from 21 August 1978 until 19 November 1979 and from 25 November 1979 until 26 November 1979, entered a plea of guilty as to the first allegation and not guilty as to the second. He was found guilty of the first allegation; the second was withdrawn with prejudice by the government. He was sentenced to a bad-conduct discharge, confinement at hard labor for 4 months, forfeitures of $200.00 pay per month for 4 months, and reduction to pay grade E–1. On 3 March 1980 the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $200.00 pay per month for 1 month and reduction to pay grade E–1 but suspended the bad-conduct discharge and confinement at hard labor in excess of 35 days for 1 year from the date of trial. On 19 June 1980 the supervisory authority approved the sentence as approved and partially suspended below.

Appellate defense counsel had originally assigned two errors for our consideration:

I

PROSECUTION EXHIBIT I WAS ERRONEOUSLY INTRODUCED INTO EVIDENCE.

II

THE UNMITIGATED REDUCTION TO PAY GRADE E–1 IS UNDULY SEVERE.

■ Upon examination of the original record of trial by this Court, an original document, labeled "MEMORANDUM, FROM: CHIEF OF STAFF" and dated "6/18/80" was found; upon further examination, the copies of the records of trial held by appellate defense and appellate government counsel failed to reveal copies of the original document. Thereafter, the Court caused a copy to be made and to be served upon counsel. Appellant, through counsel, filed an Additional Assignment of Error as follows:

APPELLANT WAS SEVERELY PREJUDICED BY THE ADVERSE SPECULATION OF CHIEF OF STAFF RECORDED IN A MEMORANDUM MARKED "PUT IN CASE FILE" ADDRESSED TO THE SUPERVISORY AUTHORITY.

It is this error which prompts the Court's attention and action.

The memorandum is set out in full:

ELEVENTH NAVAL DISTRICT

San Diego, CA 92132

MEMORANDUM   Put in case file   Date 6/18/80

FROM: CHIEF OF STAFF

TO: 00/15

Recommend approval, however believe that in this case, the trial counsel must have fouled up. There is a statement that there were no previous convictions, etc., yet Walsh was at TI from 6/76 to 1/78 in a discipline status, according to performance evals. He also has a letter dated June 77 from NAVSTA NORVA advising him he is being processed for an Admin discharge due to frequent involvement. With these indications of some type of misconduct, it seems there should have been some convictions. The question of how he was at NSA TI and NAVSTA NORVA during the same time frame and involved in disciplinary action at both is also unresolved.

Vr

DES

The intervention of the Chief of Staff was improper and merits our discussion and admonition to others who would interpose themselves by advising reviewing authorities on law and procedures arising in courts-martial, a function properly and in accord with the Congressional mandate reserved to the Staff Judge Advocate. Article 6(b), UCMJ, 10 U.S.C.A. § 806(b), provides:

> b. Convening authorities shall at all times communicate directly with their staff judge advocates or legal officers in matters relating to the administration of military justice; and the staff judge advocate or legal officer of any Command is entitled to communicate directly with the staff judge advocate or legal officer of a superior or subordinate command, or with the Judge Advocate General.

The Chief of Staff is not encompassed in the Uniform Code of Military Justice as an intervening link within this advisory process.

In the case *sub judice*, the Chief of Staff interjected speculation in commenting upon the record, despite an inability because of lack of professional training to recognize that there may well have been completely valid and legal reasons why the information he felt had not been placed before the court members was not presented. This impropriety is even more egregious because neither appellant nor his counsel had an opportunity to review those comments or to offer rebuttal thereto. Fundamental fairness demands that the accused be apprised of adverse information and given opportunity to explain or rebut it. *United States v. Goode*, 1 M.J. 3 (C.M.A. 1975). Appellant received a copy of the record of trial on 20 February 1980 and the review of the staff judge advocate was served on the counsel for accused on 4 June 1980. The Chief of Staff's memorandum was dated 18 June 1980, some 14 days after this later occurrence; it is therefore apparent that appellant and trial defense counsel had no knowledge of the unauthorized communication.

The prohibition of Article 37 UCMJ, 10 U.S.C.A. § 837, against attempting to influence the action of a reviewing authority with respect to his judicial acts applies equally here, despite the position occupied by the Chief of Staff, and conformance to the Code requirements would be well-advised. In our view, the inflammatory comment in the memorandum deprived the accused of an impartial review and action by the supervisory authority. *See also United States v. Shotter*, 12 U.S.C.M.A. 283, 30 C.M.R. 283 (1961); *United States v. Riley*, 47 C.M.R. 197 (N.C.M.R.1973).

Accordingly, the action of the supervisory authority is set aside. The record of trial is returned to the Judge Advocate General for transmittal to a different supervisory authority for a new action consistent with this opinion.

Chief Judge CEDARBURG and Judge SANDERS concur.