UNITED STATES

v.

**William A. MOEUR, 553 06 8033, Electronics Technician Second Class (E–5), U.S. Navy.**

**NMCM 84 0389.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 20 Dec. 1983.

Decided 11 May 1984.

LCDR Harold M. Shaw, JAGC, USN, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LCDR R. Clayton Seaman, Jr., JAGC, USN, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

MITCHELL, Judge.

The staff judge advocate forwarded his posttrial review to the convening authority using a staffing note on which was set forth a reminder to the convening authority of the identity of the case, its character, the sentence, the effect of the pretrial agreement and approbation of the adjudged sentence to confinement, which was, to the staff judge advocate, surpris-

ingly in excess of the pretrial agreement. This note was included in the record of trial.

 We are aware of the practical significance of staff notes and staff route sheet summaries which provide a commander with a thumbnail sketch of matters with which he can make priority assessments to best organize his working time. In court-martial cases, however, care must be taken to avoid comments which sound in case evaluation, add significant new matter or which recharacterize any portion or all of the review. *See, United States v. Walsh,* 11 M.J. 858 (N.M.C.M.R.1981); *United States v. Riley,* 47 C.M.R. 197 (N.C.M.R.1972). We cannot stretch our imagination so as to characterize the staff judge advocate's staff note in this case to constitute an addendum staff judge advocate review as appellant urges. Nor do we view the matters set forth therein to constitute new matter, recharacterization of the staff judge advocate's review, or such a significant evaluation of the evidence, findings or sentence as to create prejudicial error. The comment related to the adjudged confinement and approbation of the military judge, even if assumed to be sufficient to constitute a significant evaluation of the sentence, was rendered meaningless in this context by the need to reduce the confinement portion of the sentence to conform to the pretrial agreement.

 Sound staff procedure justifies the use of route sheets or staff notes in command administration. We do not view the law to be so strict or so insensitive to the time demands of command and leadership as to forbid that practice or to require that naked route sheets be attached to records of trial. The staff judge advocate is bound to give his advice in writing on the record, but it is absurd to hold that a staff judge advocate cannot communicate or even talk, however innocently or neutrally, to the convening authority about a case except in writing on the record. The problems arise when improper matters are discussed. There is, of course, potential for abuse in staff communications, but there are also practical limits to record building requirements. At some point, the most documented of technical systems must rely on the honor of those involved for its integrity.

The findings and sentence as approved on review below are affirmed.

Senior Judge GREGORY and Judge BARR concur.