UNITED STATES

v.

Billy W. JACKSON, Jr., 469 84 8084, Private First Class (E-2), U.S. Marine Corps.

NMCM 83 5205.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 22 April 1983.

Decided 13 Feb. 1984.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT Brian M. Madden, JAGC, USNR, Appellate Defense Counsel.

LT Michael P. Cogswell, JAGC, USNR, Appellate Government Counsel.

Before EOFF, C.J., and RAPP and MIELCZARSKI, JJ.

EOFF, Chief Judge:

Appellant was convicted at a special court-martial, military judge alone, of four specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, one specification of willful disobedience of an order in violation of Article 90, UCMJ, 10 U.S.C. § 890, and one specification of disrespect to a superior noncommissioned officer in violation of Article 91, UCMJ, 10 U.S.C. § 891. The military judge sentenced appellant to be confined at hard labor for 45 days, to be reduced to pay grade E-1, to forfeit $350.00 pay per month for 2 months, and to be discharged from the naval service with a bad conduct discharge.

Appellant has made one assignment of error before this Court:

THE STAFF JUDGE ADVOCATE'S REVIEW WAS NOT SERVED ON THE PRINCIPAL DEFENSE COUNSEL, CAPTAIN [C], NOR THE INDIVIDUAL MILITARY COUNSEL, FOR RE-

SPONSE PURSUANT TO *UNITED STATES V. GOODE*, 1 M.J. 3 (C.M.A.1975). THE DETAILED DEFENSE COUNSEL WAS EXCUSED FROM THE CASE. CAPTAIN [C] WAS APPELLANT'S ATTORNEY, HE EXAMINED THE WITNESSES AND ARGUED FOR THE DEFENSE. THERE IS NO INDICATION IN THE RECORD THAT HE WAS RELIEVED BY THE APPELLANT FROM HIS OBLIGATION TO RECEIVE THE REVIEW AND PREPARE THE DEFENSE COMMENT UPON IT.

Pursuant to appointment of an individual military counsel at trial, appellant specifically requested that his detailed counsel, First Lieutenant [P], be relieved rather than remain as assistant defense counsel. After trial but before completion of the staff judge advocate's review, the individual military counsel, Captain [C], was released from active duty. The convening authority properly attempted to appoint another attorney, Captain [D], as substitute defense counsel to assume the post-trial representation of appellant. *United States v. Iverson*, 5 M.J. 440 (C.M.A.1978); *United States v. Davis*, 5 M.J. 451 (C.M.A.1978). Apparently due to administrative error, Captain [D] neither received the letter appointing him as substitute counsel nor acted as such. The staff judge advocate's review instead was inadvertently served on First Lieutenant [P], who indicated that he did not desire to submit any supplementary material. The convening authority approved the findings and sentence but suspended the bad conduct discharge for 12 months.

■ For two. reasons, we believe that appellant did not receive adequate post-trial representation in accordance with *United States v. Palenius*, 2 M.J. 86 (C.M.A.1977), and *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

Initially we note no indication in the record that First Lieutenant [P], having once been relieved by appellant, was aware that he was expected to reassume sole responsibility for appellant's post-trial representation. If he was unaware of Captain [C]'s release from the service or if he believed that a substitute counsel had been appointed, he may not have realized why he was being served a copy of the staff judge advocate's review. However, even if we were confident that First Lieutenant [P] was aware of his responsibility, the Government erred in attempting to resurrect an attorney-client relationship unequivocally terminated. Acceptance of an attorney by appellant is an absolute necessity to the establishment of an attorney-client relationship but has not been established by the record before us. *United States v. Brady*, 8 U.S.C.M.A. 456, 24 C.M.R. 266, 270 (1957); *United States v. Iverson*, 5 M.J. at 443.

■ The failure to permit proper post-trial representation of appellant cannot be dismissed as nonprejudicial. *United States v. Iverson;* 5 M.J. at 444. Accordingly, the action of the convening authority is set aside. The record is returned to the Judge Advocate General of the Navy for submission to the convening authority for a new review and action in compliance with the mandates of *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

Judge RAPP and Judge MIELCZARSKI concur.