**UNITED STATES**

v.

**Chad S. BARNETTE, 555 53 7181,
Aviation Machinist's Mate
Airman (E–3), U.S. Navy.**

**NMCM 85 2858.**

U.S. Navy-Marine Corps Court of
Military Review.

Sentence Adjudged 8 May 1985.

Decided 25 Nov. 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LCDR Robert J. Smith, JAGC, USN, Appellate Defense Counsel.

MAJ J.S. Uberman, USMC, Appellate Government Counsel.

Before COUGHLIN, Senior Judge, and MITCHELL and DECARLO, JJ.

MITCHELL, Judge:

The appellant was tried by special court-martial, military judge alone, and was convicted of a variety of drug offenses, receiving *inter alia* a bad conduct discharge. The appellant complains that the legal officer's review was not served on trial defense counsel and that there is no evidence of record that the convening authority considered the appellant's clemency petition.

The appellant was tried on 8 May 1985. The record of trial was authenticated on 3 June 1985 apparently without initial screening by the trial defense counsel. The command recommendation was submitted by the legal officer thereof (not a judge advocate) on 3 July 1985. The convening authority acted on 9 July 1985 and a court-martial order, distributed to, among others, trial defense counsel, was promulgated on 9 July 1985. The legal officer's review was not served on trial defense counsel for comment, though the appellant's clemency petition, dated 25 May 1985, was submitted to the convening authority.

Article 60(d), Uniform Code of Military Justice, 10 U.S.C. § 860(d) provides, in pertinent part, that a legal officer shall provide a written recommendation concerning a record of trial to the convening authority, that said recommendation shall be served on trial defense counsel and that trial defense counsel shall have five days to submit a response thereto. *See* Rules for Court-Martial (R.C.M.) 1106. There was no compliance with R.C.M. 1106 in this case.

■ In *United States v. Hill*, 3 M.J. 295 (C.M.A.1977) the Court of Military Appeals applied a prejudice *per se* test in seeking the enforcement of the prophylactic rule set forth in *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), in holding that the failure to effect the service of the legal officer's review required a new legal officer's review and convening authority's action. The prejudice *per se* approach in *Hill* has given way to a more realistic assessment for actual prejudice test. *See United States v. Kincheloe*, 14 M.J. 40 (C.M.A.1982), *United States v. Babcock*, 14 M.J. 34 (C.M.A.1982).[1] *See also United States v. Remai*, 19 M.J. 229 (C.M.A.1985) [rejecting prejudice *per se* tests absent fundamental constitutional error]; *United States v. Jerasi*, 20 M.J. 719, 722–725

---

1. *See* particularly *United States v. Babcock*, 14 M.J. 34, 38 (C.M.A.1982) (Fletcher J., concurring in the result).

(NMCMR 1985). In *United States v. Skaar*, 20 M.J. 836 (NMCMR 1985), this Court set forth a scheme for assessing the risk for actual material prejudice in the face of post-trial procedural error. The risk of harm to the appellant is that absent the R.C.M. 1106 opportunity, the convening or reviewing authorities might take less favorable action in his case because of some inaccurate or misleading advice in the legal officer's review or the absence of some significant comment about the review by trial defense counsel. As noted in *Babcock* and *Kincheloe*, this Court is not powerless to affect corrective action when a risk of prejudice is established. In this case, however, there is no claim that the legal officer's advice was incorrect, deficient or misleading, nor is there a colorable assertion that trial defense counsel would have submitted a comment if he had been afforded the opportunity but was precluded from doing so by the execution of the convening authority's action. No R.C.M. 1107 submission has been forwarded, though trial defense counsel was on notice that the convening authority had acted. The trial was uncontested. Extensive evidence in extenuation and mitigation was presented. The appellant submitted a clemency petition seeking to add a suspended bad conduct discharge to the minimal confinement success he achieved at court-martial ... a submission consistent with his trial tactics to limit the punishment. In the face of this stands a legal officer's sterile review, devoid of significant comment, bearing little more than a naked recommendation to approve the sentence as limited by the pretrial agreement. In these circumstances there is no realistic risk of harm to the appellant from the failure of the convening authority to follow the dictates of R.C.M. 1106. *United States v. Skaar, supra.* When trial defense counsel learns that the convening authority has acted and/or that a legal officer's review has been executed, the proper procedure is for trial defense counsel to secure a copy, identify any defects in it and then request this Court to remand the case to the convening authority for further review. If trial defense counsel does nothing, an objection to a defect in the service of the review is waived. *United States v. Smart*, 21 M.J. 15 (C.M.A.1985).

The appellant's claim that the record does not show that the convening authority considered the clemency petition of the appellant is devoid of merit. There is no legal requirement for the convening authority to highlight his consideration of the petition. The convening authority is under an obligation to read the clemency petition and his so doing may be presumed in absence of evidence to the contrary. *United States v. Ringor*, 3 M.J. 1104 (NCMR 1977), *pet. denied*, 4 M.J. 202 (C.M.A.1978).

Notwithstanding the appellant's clemency petition, we find that the approved sentence, including the unsuspended punitive discharge is appropriate and affirm the findings and sentence as approved on review below.

Senior Judge COUGHLIN and Judge DECARLO concur.