### UNITED STATES

v.

### Staff Sergeant Anthony W. KOPP, Jr., FR379–64–5098, United States Air Force.

### ACM 29364 (f rev).

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 April 1991.

Decided 30 March 1992.

---

Appellate Counsel for the Appellant: Colonel Jeffrey R. Owens and Major Mary C. Yastishock.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Major Paul H. Blackwell, Jr., and Captain James C. Sinwell.

Before O'HAIR, RIVES, and MILLS, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

MILLS, Judge:

On 25 April 1991, appellant was tried by a general court-martial consisting of a military judge sitting alone. Contrary to his pleas he was found guilty of one specification of attempting to wrongfully possess Tylox, a Schedule II controlled substance, in violation of Article 80, UCMJ, 10 U.S.C. § 880. Pursuant to his pleas he was found guilty of one specification of wrongfully possessing morphine, a Schedule II controlled substance, two specifications of wrongfully possessing Tylox, and three

specifications of forging prescriptions for Tylox, in violation of Articles 112a and 123, UCMJ, 10 U.S.C. §§ 912a, 123. The approved sentence provided for a bad conduct discharge, confinement for 1 year, and reduction to E-1.

■ Appellant's case was originally submitted to this Court on its merits on 6 August 1991. On 9 September 1991, this Court affirmed the findings and the sentence in a short form unpublished opinion. The case is once again before us on a motion to dismiss based on issues of mental responsibility and mental capacity.

No issues of mental responsibility or capacity were raised at the trial. On 21 November 1991 appellate defense counsel filed with this Court a Request for Reconsideration Out of Time of our 9 September 1991 decision and a Petition for Psychiatric Evaluation of the appellant to determine his mental capacity and mental responsibility at the time of the offenses, at the time of trial, and, presumably, at the time of the submission of his appeal. The basis for the petition for psychiatric evaluation was a narrative summary of the hospitalization of appellant at Fitzsimons Army Medical Center from 22 August 1991 until 1 October 1991, during which time appellant's case was being decided by this Court.* According to that report, authored by Major Jeffrey T. Gray, MD, appellant was diagnosed as having a schizoaffective disorder and a schizotypal personality disorder, which was categorized as a "major psychiatric illness." The report stated that the appellant "will also have to undergo a Medical Evaluation Board."

On 6 December 1991, this Court granted the Request for Reconsideration Out of Time and ordered the convening of a sanity board. The sanity board was conducted on 30 January 1992 at the Fitzsimons Army Medical Center. The board consisted of Major Jeffrey T. Gray, MD, Captain Robert McLaughlin, MD, and Major Charles Golembeske, Jr., BSC. The conclusions of the sanity board to the specific questions speci-

---

* We were unaware of appellant's hospitalization      at the time of our 9 September 1991 decision.

fied by this Court in our order of 6 December 1991 are as follows:

   A. At the time of the alleged criminal conduct, Staff Sergeant Kopp had a severe mental disease.

   B. His diagnosis is schizoaffective disorder.

   C. Staff Sergeant Kopp was at the time of the alleged criminal conduct and as a result of such severe mental disease unable to appreciate the nature and quality or wrongfulness of his conduct.

   D. At the time of the trial, Staff Sergeant Kopp probably had sufficient mental capacity to understand the nature of the proceedings, however, he lacked the capacity to conduct or cooperate intelligently in the defense.

   E. At the present time, Staff Sergeant Kopp does have sufficient mental capacity to understand the nature of appellate proceedings and to conduct or cooperate intelligently in such proceedings.

The board finally concluded that the most appropriate disposition for Sergeant Kopp "is to undergo a Medical Evaluation Board."

Based on the sanity board's findings, on 27 February 1992 appellate defense counsel filed a motion to dismiss the charges in this case because the appellant lacked mental responsibility for the alleged offenses and lacked the mental capacity to assist in his own defense. Appellate government counsel oppose the motion to dismiss and argue that a proper remedy is for this Court to set aside the findings and sentence, and that a rehearing may be ordered.

Under the law in effect when appellant committed his offenses, lack of mental responsibility was, and is, an affirmative defense as to which the accused has the burden of persuasion by clear and convincing evidence. Article 50a, UCMJ, 10 U.S.C. § 850a; R.C.M. 916(k). The finder of fact determines whether the accused has proven lack of mental responsibility by clear and convincing evidence. R.C.M. 916(k)(3) Discussion.

The issue of the accused's mental capacity is an interlocutory question of fact decided by the military judge. R.C.M. 909(c)(1).

The trial should proceed unless it is established by a preponderance of the evidence that the accused lacks the capacity to stand trial. R.C.M. 909(c)(2) and Discussion.

█ It is not at all clear from the record why the issues of mental responsibility and mental capacity were not raised prior to or during the trial. However, the issues of mental responsibility and mental capacity may be raised on appellate review regardless of whether they were raised at trial. *United States v. Massey*, 27 M.J. 371 (C.M.A.1989); *United States v. Correa*, 21 M.J. 719 (A.C.M.R.1985). Where inquiry after trial produces new information which raises an issue of mental responsibility, appropriate action, including a rehearing, may be taken. *See Massey* at 374–375; *United States v. Norton*, 22 U.S.C.M.A. 213, 46 C.M.R. 213 (1973); *United States v. Dock*, 26 M.J. 620 (A.C.M.R.1988) *aff'd*, 28 M.J. 117 (C.M.A.1989).

The results of the 30 January 1992 sanity board give reason to believe that at a rehearing, unless other evidence to the contrary is introduced, the factfinder would be persuaded to accept the appellant's affirmative defense. We find that the evidence raises a substantial issue that must be resolved at the trial level. We also recognize that since these issues were raised for the first time on appeal, the government had no opportunity to rebut or litigate them at the trial forum.

Accordingly, the findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge O'HAIR and Judge RIVES concur.